**John WILSON, Leonard White, Paul Bogovich and Elizabeth Tintorri, Appellants,**

v.

**B. L. KENNEDY, Ford Q. Elvidge, Howard D. Porter and Richard Taitano, Appellees.**

**No. 14593.**

United States Court of Appeals Ninth Circuit.

April 10, 1956.

Finton J. Phelan, Jr., E. R. Crain, Agana, Guam, for appellants.

Howard D. Porter, Atty. Gen., Louis A. Otto, Jr., Deputy Atty. Gen., Leon D. Flores, Island Atty., Richard Rosenberry, Deputy Island Atty., Territory of Guam, Agana, Guam, for appellee.

Before STEPHENS and POPE, Circuit Judges, and BYRNE, District Judge.

BYRNE, District Judge.

The basic question for decision in this case is whether the Organic Act of Guam imposes a territorial income tax and, if so, whether the appellees as officials of Guam are authorized to enforce it.

Two of the appellants, who were plaintiffs below, are tax withholding employers, and two are employees from whose salaries taxes were withheld. The appel-

lees, although sued as individuals, are officials of Guam, viz. the Governor, the Attorney General, the Director of Finance and the Commissioner of Revenue and Taxation. It is alleged in the complaint that the defendants illegally required the plaintiffs and others similarly situated to pay income taxes for the use of the Government of Guam. The plaintiffs prayed for the return of the taxes collected, injunctive relief to prevent future collections, and a declaratory judgment declaring that there is no territorial income tax for the Territory of Guam, nor is there any officer of the Territory of Guam authorized to levy, assess or collect a territorial income tax.

■ In the District Court all parties contended that there were no genuine issues of fact for trial, and each filed a motion for summary judgment as a matter of law. The court granted the appellees' motion.

Although in the trial court the appellants took the position that the only issues were of law and asked for summary judgment, they have specified as a point on appeal, "The court erred in finding that no controverted question of fact existed." They denominate as controverted facts the issue of whether or not the appellees are illegally enforcing an income tax law and whether "the acts of the defendants have deprived plaintiffs of their property without due process of law". There is no dispute as to "the acts of the defendants", i. e. the collection of the taxes and the amounts thereof. Whether such acts are illegal or have deprived appellants of their property without due process of law are issues of law, not fact.

Prior to 1951 citizens of the Island of Guam were subject to taxation under the United States Internal Revenue Code only as to income derived from sources within the United States (former 26 U.S.C. § 252) and no income tax attached with respect to income earned in Guam. In 1950 (effective in 1951) Congress adopted Section 31 of the Organic Act of Guam, 48 U.S.C.A. § 1421i, which provides:

"The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in Guam."

If Section 31 creates a separate territorial tax in Guam, then the income which would have been exempt under the previous law is now taxable.

■ The appellants contend (1) that Section 31 did not create a separate territorial income tax, (2) that the Government of Guam is not authorized to collect the taxes and (3) that the officials collecting the taxes do not have statutory authority to do so. The first two points have been settled by Laguana v. Ansell, D.C.Guam, 102 F.Supp. 919, affirmed 9 Cir., 212 F.2d 207, certiorari denied 348 U.S. 830, 75 S.Ct. 51, 99 L.Ed. 654. It was held in the Laguana case that Section 31 imposes a separate territorial income tax to be enforced by the proper officials of the Government of Guam. We adhere to our affirmance of that holding.

It is the position of the appellants that since there is no statute enacted by either the United States Congress or the Guam Legislature which specifically authorizes these appellees to levy and collect income taxes, they are without authority to do so.

■ The enactment by Congress of the statute creating the territorial tax in Guam and the provision of the law to the effect that the tax be collected and used for the government of Guam, included the implied provision that the Government of Guam was the proper enforcement agency. Section 6 of the Organic Act, 48 U.S.C.A. § 1422, expressly provides that the executive authority of the Government of Guam shall be vested in the Governor and that he "shall faithfully execute the laws of the United States applicable to Guam, and the laws of Guam." The appellee Taitano is the Director of the Department of Finance and has the responsibility for the collection of all governmental taxes on the Island of Guam. During the period with which we are here concerned, the appel-

lee Kennedy, as appointee of Director Taitano, was functioning as the Commissioner of Revenue and Taxation and was charged with the enforcement and administration of the territorial income tax.

It is clear that the appellees were clothed with the authority to enforce the territorial income tax imposed by Section 31 of the Organic Act of Guam. There is no complaint that excessive amounts were collected, nor is there a contention that any portion of the taxes did not reach the repository designated by Congress, i. e., the Guam Treasury.

Judgment affirmed.