The judgments of the district court in each case will be affirmed.

Finton J. **PHELAN**, Jr., and E. R. Crain, Appellants,

v.

Richard **TAITANO** and Harry L. Mangerich, Appellees.

No. 14585.

United States Court of Appeals Ninth Circuit.

April 10, 1956.

14. This is, of course, a different question from whether the municipality could be sued for such negligence.

15. Fidelity & Casualty Co. of New York v. Brightman, 8 Cir., 1931, 53 F.2d 161, 166; Rich v. Warren, 6 Cir., 1941, 123 F.2d 198.

Finton J. Phelan, Jr., E. R. Crain, Agana, Guam, for appellants.

Howard D. Porter, Atty. Gen., Louis A. Otto, Jr., Deputy Atty. Gen., Leon D. Flores, Island Atty., Richard Rosenberry, Deputy Island Atty., Territory of Guam, Agana, Guam, for appellees.

Before STEPHENS and POPE, Circuit Judges, and BYRNE, District Judge.

BYRNE, District Judge.

This is one of a series of cases in which citizens of Guam seek to avoid the payment of income taxes on income earned in that territory. Prior to the enactment by Congress of the Organic Act of Guam,[1] citizens of Guam were not required to pay income tax on income earned in Guam. These appellants cling tenaciously to the hope that that Utopian status still exists, although that hope has received no nourishment from the courts.

Previous decisions of this court are dispositive of the basic questions pre--

1. 48 U.S.C.A. § 1421 et seq.

sented here. In Laguana v. Ansell, 9 Cir., 212 F.2d 207, certiorari denied 348 U.S. 830, 75 S.Ct. 51, 99 L.Ed. 654, we affirmed the holding of the District Court, 102 F.Supp. 919, that Section 31 of the Organic Act of Guam imposes a separate territorial income tax to be enforced by the proper officials of the Government of Guam. In Wilson v. Kennedy, 9 Cir., 232 F.2d 153, we held that the Director of Finance and the Commissioner of Revenue and Taxation, who are the appellees here, were proper officials of the Government of Guam to enforce the income tax laws and collect the tax.

The appellants seek injunctive relief to restrain the enforcement of the income tax laws and a judgment in favor of appellant Phelan in the amount of $311.39 and in favor of appellant Crain in the amount of $882.94 by reason of the attachment and confiscation of their bank accounts.

■■ Following a hearing on the appellants' motion for a preliminary injunction, the District Court denied the application on the grounds that the showing made was insufficient to warrant interlocutory relief. The granting or denying of a preliminary injunction pending a trial on the merits rests in the sound discretion of the trial court[2] and such discretion will not be disturbed in the absence of a clear showing of abuse. In the light of Laguana v. Ansell, supra, and Wilson v. Kennedy, supra, and our hereinafter expressed views regarding the insufficiency of allegations to warrant the granting of injunctive relief, it is obvious that the denial of interlocutory relief in this case was not an abuse of discretion.

■ It appears that when appellants filed a notice of appeal from the order denying the preliminary injunction, there was pending before the court a motion of appellees to dismiss the action, which motion was subsequently granted by the court. The appellants then filed a notice of appeal from the order dismissing the action and contend inter alia that the trial court did not have jurisdiction to rule on the motion to dismiss. An appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case. "The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court as though no such appeal had been taken, unless otherwise specially ordered." Ex parte National Enameling & Stamping Co., 201 U.S. 156, 26 S.Ct. 404, 406, 50 L.Ed. 707.

■ The appellants' claim seeking a permanent injunction is clearly insufficient. Title 26 U.S.C. § 7421, specifically provides that with certain exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." There are no allegations bringing the appellants within the exceptive provisions of Section 7421, nor to warrant the intervention of equity to prevent arbitrary or capricious action. See Yoshimura v. Alsup, 9 Cir., 167 F.2d 104.

■ The claim for a money judgment is also deficient. Title 26 U.S.C. § 7422 provides that no suit or proceeding shall be maintained in any court for the recovery of any tax until a claim for refund or credit has been duly filed with the administrative authorities. There is a complete absence of any allegations of compliance with the conditions precedent to suit as required by Section 7422.

■ We agree that the District Court was correct in dismissing the action, but think the dismissal should be on other grounds than those stated. The trial court dismissed for want of jurisdiction of the subject matter. The District Court of Guam has jurisdiction in all causes arising under the laws of the United States and in all other causes in Guam, jurisdiction over which has not been transferred by the Legislature to other courts established by it.[3] The appellants filed an action to recover taxes

2. Ross-Whitney Corp. v. Smith Kline & French Laboratories, 9 Cir., 207 F.2d 190.

3. 48 U.S.C.A. § 1424.

which they assert were improperly collected. They filed in the proper court and if they alleged facts constituting a claim upon which relief can be granted they would be entitled to a trial on the merits. To determine whether a claim upon which relief can be granted has been alleged, the District Court must take jurisdiction. Speaking for the Court in Montana-Dakota Utilities Co. v. Northwestern Public Service Co., 341 U.S. 246, 71 S.Ct. 692, 694, 95 L.Ed. 912, Mr. Justice Jackson said: "As frequently happens where jurisdiction depends on subject matter, the question whether jurisdiction exists has been confused with the question whether the complaint states a cause of action. * * * Petitioner asserted a cause of action under the Power Act. To determine whether that claim is well founded, the District Court must take jurisdiction, whether its ultimate resolution is to be in the affirmative or the negative. If the complaint raises a federal question, the mere claim confers power to decide that it has no merit, as well as to decide that it has. In the words of Mr. Justice Holmes, ' * * * if the plaintiff really makes a substantial claim under an act of Congress there is jurisdiction whether the claim ultimately be held good or bad.' The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25, 33 S.Ct. 410, 412, 57 L.Ed. 716. See also Hurn v. Oursler, 289 U.S. 238, 240, 53 S.Ct. 586, 587, 77 L.Ed. 1148. Even a patently frivolous complaint might be sufficient to confer power to make a final decision that it is of that nature, binding as *res judicata* on the parties."

The conclusions we have reached render unnecessary any expression of opinion as to appellants' remaining contentions.

The judgment is affirmed upon the ground that the appellants' complaint fails to state a claim upon which relief can be granted.