**Joe A. DEWSBURY**

v.

**The UNITED STATES.**

No. 387–55.

United States Court of Claims.

Dec. 5, 1956.

Ernest Getz, Detroit, Mich., for plaintiff.

Leo M. McCormack, Washington, D. C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. Andrew D. Sharpe, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

The single issue in this case is whether a taxpayer for the calendar year 1954, after claiming two personal exemptions, one for himself and one for his wife in the amount of $600 each, is entitled to an additional exemption of $600 for his wife on the ground that she is a dependent.

The pertinent provisions of the Internal Revenue Code of 1954, 26 U.S. C.A., are as follows:

"§ 151.   Allowance of deductions for personal exemptions

&ast;  &ast;  &ast;  &ast;  &ast;

"(b) *Taxpayer and Spouse.*—An exemption of $600 for the taxpayer; and an additional exemption of $600 for the spouse of the taxpayer if a separate return is made by the taxpayer, and if the spouse, for the calendar year in which the taxable year of the taxpayer begins, has no gross income and is not the dependent of another taxpayer.

&ast;  &ast;  &ast;  &ast;  &ast;

"(e) *Additional exemption for dependents.*—

"(1) *In general.*—An exemption of $600 for each dependent (as defined in section 152)—

"(A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600,   &ast;   &ast;   &ast;".

"§ 152.   Dependent defined

"(a) *General   definition.*—For purposes of this subtitle, the term 'dependent' means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer

&ast; &ast; &ast; &ast; &ast; &ast;

"(9) An individual who, for the taxable year of the taxpayer, has as

468

his principal place of abode the home of the taxpayer and is a member of the taxpayer's household, or

"(10) An individual who—

"(A) is a descendant of a brother or sister of the father or mother of the taxpayer,

"(B) for the taxable year of the taxpayer receives institutional care required by reason of a physical or mental disability, and

"(C) before receiving such institutional care, was a member of the same household as the taxpayer."

As disclosed by the pleadings and attached exhibits the plaintiff filed his tax return for the year 1954, claiming five exemptions, one for himself, one each for his two children and two for his wife.

He claimed one exemption for his wife under the provisions of section 151(b), supra. There is no doubt that the plaintiff was entitled to this exemption, since he filed a separate return and it is admitted that his spouse had no gross income and was not the dependent of another taxpayer. He asserts, however, that he is entitled to another exemption under the provisions of section 151(e) on the ground that his wife was a dependent according to the provisions of section 152(a) (9), which defines a dependent, *inter alia*, as an individual who has as his principal place of abode the home of the taxpayer and is a member of the taxpayer's household.

The Commissioner of Internal Revenue has ruled otherwise.

Under the provisions of Revenue Ruling 55-325, 1955-22 Int.Rev.Bull. 7, a taxpayer who files a separate return may have a deduction for his wife if she has no gross income, but may not claim an additional deduction of $600 for her as a dependent.

Accordingly, the Bureau of Internal Revenue collected a deficiency for the year 1954 in the sum of $128.95, this being the net amount resulting from denying the plaintiff the additional exemption for his wife as a dependent.

The plaintiff originally claimed that he was entitled to a refund of $238.75 for the taxable year 1954. However, on November 25, 1955, he was notified that a determination of his income tax liability for the taxable year 1954 disclosed a deficiency in the amount of $128.95, due to the disallowance of the dependency exemption claimed for his wife.

The defendant refunded $109.80 but declined to refund the balance of $128.95, on the ground that plaintiff in filing his income tax report for the year 1954 had erroneously taken credit for two exemptions on account of his wife.

Plaintiff sues for a refund of this amount plus statutory interest.

The plaintiff makes an ingenious argument claiming that his spouse comes clearly within the provisions of section 152(a) (9) which defines dependents. If this section stood alone the position of the taxpayer would be much stronger, but it is part and parcel of a larger and more comprehensive code which includes other provisions. When these are construed together, as they must be in order to arrive at the Congressional intent, it becomes clear that the taxpayer's exemption for his spouse is taken care of under section 151(b) and that he is not entitled to an additional exemption. As was stated by the Supreme Court in the case of Charles Ilfeld Co. v. Hernandez, 292 U.S. 62, at page 68, 54 S.Ct. 596, at page 598, 78 L.Ed. 1127:

"The allowance claimed would permit petitioner twice to use the subsidiaries' losses for the reduction of its taxable income. By means of the consolidated returns in earlier years it was enabled to deduct them. And now it claims for 1929 deductions for diminution of assets resulting from the same losses. If allowed, this would be the practical equivalent of double deduction. In the absence of a provision of the Act definitely requiring it, a purpose so opposed to precedent and equality of treatment of taxpayers will not be attributed to lawmakers."

The correctness of this construction becomes all the more apparent when considered in connection with the background of internal revenue legislation.

Previous to the enactment of the Internal Revenue Code of 1954 it was required that in order for a taxpayer to be entitled to a dependency exemption the person for whom exemption was claimed must come within certain definite categories as set out in section 25(b) (3) (A) through (H) of the Internal Revenue Code of 1939. This provision, however, did not contain the exact language that is set out in section 152(a) (9). The later section had a broader general provision, which had the effect of including some additional dependents. In interpreting the language of the 1954 Code after this particular change was made, the Internal Revenue Service issued Revenue Ruling 55–325, 1955–22 Int.Rev. Bull. 7, which reads in part:

"Section 152 of the 1954 Code defines a 'dependent' and adds to the list of individuals eligible as dependents any individual who is a member of the taxpayer's household and whose principal abode for the taxable year of the taxpayer is the home of the taxpayer. That section has as its purpose the inclusion of certain persons for whom no exemption was allowed under prior law but does not have the effect of expanding the definition of dependent to include the taxpayer's spouse. Spouses are specifically dealt with in a separate subsection of section 151 of the Code."

In addition, the Commissioner ruled that the term "dependent" as used in the 1954 Code did not include the spouse of a taxpayer.

After reading the different provisions of the Internal Revenue Code for the year 1954, together with the background of legislation, we have not the slightest doubt that the intent of the Congress as revealed in the wording of the various provisions when construed together was to grant the taxpayer, in the circumstances disclosed by the pleadings and exhibits, an exemption for the spouse, but that it was not the intention of the Congress to grant an additional exemption on the ground of dependency. In Helvering v. New York Trust Co., Trustee, 292 U.S. 455, 464–465, 54 S.Ct. 806, 808, 78 L.Ed. 1361, the Supreme Court said:

"But the expounding of a statutory provision strictly according to the letter without regard to other parts of the act and legislative history would often defeat the object intended to be accomplished. Speaking through Chief Justice Taney in Brown v. Duchesne, 19 How. 183, page 194, 15 L.Ed. 595, this court said: 'It is well settled that, in interpreting a statute, the court will not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute (or statutes on the same subject) and the objects and policy of the law, as indicated by its various provisions, and give to it such a construction as will carry into execution the will of the Legislature, as thus ascertained, according to its true intent and meaning.' Quite recently in Ozawa v. United States, 260 U.S. 178, page 194, 43 S.Ct. 65, 67 L.Ed. 199, we said: 'It is the duty of this Court to give effect to the intent of Congress. Primarily this intent is ascertained by giving the words their natural significance, but if this leads to an unreasonable result plainly at variance with the policy of the legislation as a whole, we must examine the matter further. We may then look to the reason of the enactment and inquire into its antecedent history and give it effect in accordance with its design and purpose, sacrificing, if necessary, the literal meaning in order that the purpose may not fail.' And in Barrett v. Van Pelt, 268 U.S. 85, 90, 45 S.Ct. 437, 439, 69 L.Ed. 857, we applied the rule laid down in People v. Utica Ins. Co., 15 Johns.

(N.Y.) 358, 381, that 'a thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter, and a thing which is within the letter of the statute, is not within the statute, unless it is within the intention of the makers.'"

Referring to the bill which became the Internal Revenue Code of 1954 (S.Rep. No. 1622, 83d Cong., 2d Sess.), the Senate Committee on Finance discussed the purpose of section 152(a) (9), stating the reasons for the enactment of the legislation and for the definition of dependency, but nowhere indicated in the report that it was intended to give a taxpayer an additional exemption on the ground that the wife was a dependent. On the contrary, it was stated on page 192 of the report, in reference to section 151(b), that it corresponded to section 25(b) (1) (A) of the 1939 Code; that subsection (c) corresponded to section 25(b) (1) (B) of the 1939 Code, and that "No substantive changes are made in these provisions."

In order to justify a deduction for his spouse under the provisions of section 151(b) and an additional deduction as a dependent under section 152(a) (9), which would amount to a double deduction, it must appear clearly from the provisions of the Internal Revenue Code applicable in that year that this was the intention of the Congress. It does not so appear. On the contrary, when the different provisions of the Internal Revenue Code applicable in the year 1954 are read and construed together, it becomes clear that the exemption granted the taxpayer on account of his spouse is provided for in the specific terms of section 151(b) and that it was not intended to include an additional exemption by some other provisions of the Code which make no mention of the wife.

The plaintiff is not entitled to recover. The petition will be dismissed.

It is so ordered.

LARAMORE, MADDEN, WHITAKER and LITTLETON, Judges, concur.