Lloyd Lester JENNINGS et al.

v.

The UNITED STATES.

Benjamin R. ANDERSON et al.

v.

The UNITED STATES.

Reginald A. BAKER et al.

v.

The UNITED STATES.

Nos. 390-56, 5-57, 102-57.

United States Court of Claims.

Oct. 9, 1957.

Thomas M. Gittings, Jr., Washington, D. C., John W. Gaskins and King & King, Washington, D. C., on the briefs, for plaintiffs.

Sheldon J. Gitelman, Washington, D. C., with whom was Charles K. Rice, Asst. Atty Gen., James P. Garland and George Willi, Washington, D. C., on the briefs, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

Plaintiffs brought this action against the United States to recover income taxes for the tax years 1951–1954, inclusive, which taxes are alleged to have been illegally assessed and collected by the Government of Guam acting on the advice of and pursuant to the direction of the Commissioner of Internal Revenue of the United States.

Prior to 1950, little or no federal income taxes were paid on income derived from sources within Guam, because native Guamanians, not being citizens of the United States were exempt from federal income taxation on such income under section 252[1] of the Internal Revenue Code of 1939, 26 U.S.C.A. § 252, and United States citizens residing in Guam received exemptions from such taxation under section 251 of the Code whenever the two conditions specified in that section were satisfied.[2]

In 1950 Congress passed the Organic Act of Guam (64 Stat. 384), 48 U.S.C.A. § 1421 et seq., 8 U.S.C.A. § 1407, which, among other provisions, conferred United States citizenship on Guamanians (Section 4), and declared Guam to be an unincorporated territory of the United States with a government consisting of three branches (executive, legislative, and judicial) to have the powers set forth in that Act. The Act provided that the executive authority of the government of Guam should be vested in the Governor who should be appointed by the President by and with the advice and consent of the Senate of the United States, for a term of four years, and should be a civilian or a retired officer of the armed forces of the United States. The Governor was authorized to exercise his duties under the supervision of the head of that civilian department or agency of the United States Government as the President of the United States might direct. The legislative power of Guam, "except as otherwise provided in this Act", section 10, was to be vested in a twenty-one member legislature and was to extend to all subjects of legislation of local application not inconsistent with

---

[1]. Section 252. "(a) Any individual who is a citizen of any possession of the United States (but not otherwise a citizen of the United States) and who is not a resident of the United States, shall be subject to taxation under this chapter only as to income derived from sources within the United States, and in such case the tax shall be computed and paid in the same manner and subject to the same conditions as in the case of other persons who are taxable only as to income derived from such sources. This subsection shall have no application in the case of a citizen of Puerto Rico.

"(b) Nothing in this section shall be construed to alter or amend the provisions of the Act entitled 'An Act making appropriations for the naval service for the fiscal year ending June 30, 1922, and for other purposes,' approved July 12, 1921, c. 44, 42 Stat. 123 (U.S.C., Title 48, § 1397), relating to the imposition of income taxes in the Virgin Islands of the United States."

[2]. The two conditions of section 251 of the Code are as follows:

"(1) If 80 per centum or more of the gross income of such citizen or domestic corporation (computed without the benefit of this section), for the three-year period immediately preceding the close of the taxable year (or for such part of such period immediately preceding the close of such taxable year as may be applicable) was derived from sources within a possession of the United States; and
\*     \*     \*     \*     \*

"(3) If, in case of such citizen, 50 per centum or more of his gross income (computed without the benefit of this section) for such period or such part thereof was derived from the active conduct of a trade or business within a possession of the United States either on his own account or as an employee or agent of another."

the provisions of the Act and the laws of the United States applicable to Guam (Section 11). That section then provided:

"Taxes and assessments on property, internal revenues, sales, license fees, and royalties for franchises, privileges, and concessions may be imposed for purposes of the government of Guam as may be uniformly provided by the Legislature of Guam, and when necessary to anticipate taxes and revenues, bonds and other obligations may be issued by the government of Guam: * * *".

In section 19, the Act provided that all laws enacted by the legislature must be reported by the Governor to the head of the department or agency designated by the President under section 3, and by him to the Congress of the United States, "which reserves the power and authority to annul the same."

Section 25(b) provided that, except as otherwise provided in the Act, "no law of the United States *hereafter* enacted shall have any force or effect within Guam unless specifically made applicable by Act of Congress either by reference to Guam by name *or by reference to 'possessions'* ". The same provision provided that the President should appoint a commission of seven persons to survey the field of Federal statutes and to make recommendations to the Congress of the United States as to which statutes of the United States not applicable to Guam on the date of enactment of the Organic Act should be made applicable to Guam, and which statutes of the United States applicable to Guam on that date should be declared inapplicable.

Section 31 of the Organic Act provided as follows:

"The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in Guam."

Section 30 of the Act provided:

"All customs duties and Federal income taxes derived from Guam, the proceeds of all taxes collected under the internal-revenue laws of the United States on articles produced in Guam and transported to the United States, its Territories, or possessions, or consumed in Guam, and the proceeds of any other taxes which may be levied by the Congress on the inhabitants of Guam, and all quarantine, passport, immigration, and naturalization fees collected in Guam shall be covered into the treasury of Guam and held in account for the government of Guam, and shall be expended for the benefit and government of Guam in accordance with the annual budgets."

Since the passage of the Organic Act of Guam, the tax officials of the United States, the government of Guam, the United States District Court for Guam and the Circuit Court of Appeals for the Ninth Circuit, have taken the position that United States citizens, whose income from sources within Guam was sufficient to meet the two conditions set forth in section 251 of the Internal Revenue Code of 1939, were not entitled to the income tax exemption provided for in that section because they were all of the opinion that section 31 of the Organic Act had created a so-called separate territorial income tax system for Guam based on the income tax laws of the United States but in some way not including section 251 of such laws. Accordingly, income taxes have been assessed and collected on such income without according to the taxpayers, including plaintiffs herein, the benefit of the section 251 exemption.

Plaintiffs herein were, at all times material to this case, citizens of the United States temporarily employed by a private firm as construction workers on Guam. Although plaintiffs derived sufficient income from sources within Guam to meet the conditions for tax exemption specified in section 251 of the Internal Revenue Code of 1939, the Commissioner of Revenue and Taxation of the government of Guam, purporting to act under authority of sections 30 and

31 of the Organic Act of Guam, supra, assessed and collected taxes on such income without according to plaintiffs the benefits of the section 251 exemption.

It is plaintiffs' position that section 31 of the Organic Act of Guam extended to Guam *all* of the income tax laws of the United States including section 251 thereof, and that since plaintiffs have, for the years in question, satisfied both of the conditions of that section but have not been allowed to take the benefit of the exemption provided for therein, their taxes on such income from sources within Guam were illegally assessed and collected and should be refunded.

It is the position of the defendant that section 31 of the Organic Act did not extend to Guam the income tax laws of the United States, but rather created a separate territorial tax system applicable to Guam based on such income tax laws; that the taxes in question were assessed and collected under such Guam tax law and are now in the possession of the government of Guam and not in the possession of the government of the United States, and that therefore the United States does not have in its possession any money belonging to these plaintiffs. Accordingly, defendant has moved to dismiss the petitions on the ground that they fail to state a claim upon which relief can be granted.

Plaintiffs contend that defendant's motion to dismiss is without merit and should be denied. Plaintiffs have moved for summary judgment on the ground that there is no issue of material fact to be tried and that as a matter of law, plaintiffs are entitled to recover.

■ With reference to defendant's contention that plaintiffs' petitions do not state a claim upon which relief can be granted because the income taxes were paid to the government of Guam and not to the United States, we are of the opinion that in collecting such taxes the Commissioner of Revenue and Taxation of Guam was acting merely as an agent of the United States under section 30 and section 31 of the Organic Act of Guam and that the Treasury of Guam

was merely the depository designated by Congress for all duties and taxes *imposed by Congress* and *collected under the laws of the United States*. Sections 30 and 31 did not make the government of Guam the taxing authority for the duties and taxes mentioned in those sections and this is clear not only from a reading of the two sections but by comparing them with the language of section 11 of the Organic Act in which Congress authorized the legislature of the government of Guam to *impose* taxes and assessments on property, internal revenues, sales, license fees, and royalties for franchise privileges. Furthermore, the legislative history of section 30 indicates that the only purpose of the section was to eliminate the unnecessary and cumbersome practice then in existence of sending the proceeds of *United States taxes* collected in Guam back to the United States and then having the funds made available to the Governor of Guam.

Defendant's contention that the income taxes in question were collected under a so-called separate territorial tax imposed by section 31 of the Organic Act is based on certain holdings of the Commissioner of Internal Revenue (I.T. 2946, C.B. XIV–2, 109 (1935), and I.T. 4046, 1951–1 Cum.Bull. 57–58) and upon decisions of the Ninth Circuit. Laguana v. Ansell, D.C., 102 F.Supp. 919, affirmed 212 F.2d 207, certiorari denied 348 U.S. 830, 75 S.Ct. 51, 99 L.Ed. 654; · Wilson v. Kennedy, 232 F.2d 153; Phelan v. Taitano, 233 F.2d 117; Lampkin v. Brown & Root, 233 F.2d 320. In none of the situations considered by the Commissioner or the courts was the issue raised as to whether the proceeds of the income tax imposed by section 31 were owned by the government of the United States or by the government of Guam, or the matter of against which government a claim for refund would lie. The concept of the so-called separate territorial tax resorted to in those holdings was not intended to convey the impression that the income tax laws in force on Guam had been enacted by the legislature of Guam rather than by the Congress of the United

States. While the Commissioner and the courts may have relied on this separate territorial tax theory to support their holding that certain provisions in the income tax laws of the United States were not applicable to income derived from sources in Guam, we are of the opinion that they did not hold that the income tax laws in force in Guam were separate in the sense that they were not laws enacted by the Congress of the United States for enforcement by the officials of Guam. The primary issue raised in the court cases referred to was whether under section 31 of the Organic Act, local revenue officials of Guam had authority to enforce the tax laws of the United States in Guam, and the petitioners in those cases sought declaratory judgments construing the meaning of section 31, or sought injunctions to enjoin Guam officials from enforcing the income tax laws of the United States in Guam.

█ Regardless of the above holdings, we are of the opinion that the income taxes authorized by section 31 of the Organic Act of Guam were not part of a separate territorial income tax law in the sense that the government of Guam was authorized to enact income tax legislation or to do any more than act as a collection and enforcement agency for the government of the United States. As noted above, section 11 of the Organic Act did authorize the legislature of Guam to enact certain tax laws and once those laws were passed and approved by the United States in the manner provided in the Act, they became truly separate territorial tax laws. But section 11 did not authorize Guam to enact an income tax law, and since neither section 30 nor 31 of the Act, nor any other provision in that Act, conferred on the Guam legislature the power to enact an *income tax* for Guam, but

merely provided that the income tax laws of the United States should be in force in Guam, and that the proceeds of such taxes should be deposited in the Treasury of Guam, we are of the opinion that the proceeds of such income taxes were owned by the United States and not by Guam. Accordingly, any claim for the refund of such income taxes is properly made to the United States. We conclude, therefore, that plaintiffs have stated a claim on which relief may be granted and defendant's motion to dismiss the petitions is overruled.

██ Defendant has not actually responded to plaintiffs' motion for summary judgment because defendant says that under Rule 51(a) of the Court of Claims, 28 U.S.C.A., the motion is premature when it is made, as here, before the filing by defendant of a responsive pleading. That rule provides that a party seeking to recover on a claim or counterclaim

> "may, at any time * * * after a responsive pleading has been filed (including the service of a motion for summary judgment by the adverse party) move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof."

Defendant has not filed a responsive pleading in this suit. Under the Federal Rules of Civil Procedure, Rule 56(a), 28 U.S.C.A., this circumstance would be no impediment to plaintiffs' motion for summary judgment, but under the above rule of this court, defendant's assertion is proper. Although we do not suppose that there will be any issue as to a material fact raised by the answer, nevertheless in view of the fact that defendant has not addressed its briefs to the issues of law raised by plaintiffs' motion for summary judgment,[3] we shall over-

---

3. Some of the arguments advanced by defendant in support of its motion to dismiss appear to have a bearing on the arguments and issues discussed in plaintiffs' brief in support of the motion for summary judgment, but defendant's brief is not sufficiently responsive to the is-

sues and arguments advanced by plaintiff to warrant our waiving the requirement of Rule 51(a) and proceeding to consider the case on plaintiffs' motion. If, after the filing of defendant's answer, plaintiffs desire to renew their motion for summary

rule plaintiffs' motion for summary judgment without prejudice.

It is so ordered.

MADDEN, Judge, concurs.

JONES, Chief Judge, concurs in the result.

LARAMORE, Judge, took no part in the consideration and decision of these cases.

WHITAKER, Judge (dissenting).

The Federal income taxes levied on plaintiffs were required by section 30 of the Organic Act of Guam, supra, to be "covered into the treasury of Guam and held in account for the government of Guam, and shall be expended for the benefit and government of Guam in accordance with the annual budgets."

They never got into the treasury of the United States. Certainly the treasury should not be required to pay back money it never received.

The Organic Act of Guam made Guam a territory of the United States, and created for it a system of government. It had a treasury and expended money from this treasury for the benefit of Guam. The money plaintiffs paid went into this treasury. The treasury of the United States never got the money and was not entitled to get it, because the Organic Act required that it be paid to Guam. The Federal income tax was levied by Congress on Guamanians, not for the benefit of the United States, but for the benefit of Guam. It is the government of Guam that should be required to refund it, if improperly exacted, because that government got the money.

judgment, they may do so by merely filing such a motion incorporating the briefs already filed. Of course, plaintiffs will be entitled to submit additional memoranda which they deem necessary in the light of defendant's answer or brief.