Lloyd Lester JENNINGS et al.

v.

UNITED STATES.

Benjamin R. ANDERSON et al.

v.

UNITED STATES.

Reginald A. BAKER et al.

v.

UNITED STATES.

Nos. 390–56, 5–57, 102–57.

United States Court of Claims.

Dec. 3, 1958.

---

Thomas M. Gittings, Jr., Washington, D.C., for plaintiffs. John W. Gaskins, and King & King, Washington, D.C., were on the briefs.

Gerald J. O'Brien, Washington, D.C., with whom was Asst. Atty. Gen. Charles K. Rice, for defendant. James P. Garland, Baltimore, Md., was on the brief.

LARAMORE, Judge.

Plaintiffs herein were formerly construction workers employed by private employers in the performance of Government construction contracts on Guam. They sue to recover income taxes which they alleged were illegally assessed against their earnings from sources within Guam. The income taxes in question were assessed and collected by the Government of Guam under the purported authority of sections 30 and 31 of the Organic Act of Guam, 64 Stat. 384, 392, 48 U.S.C.A. §§ 1421h and 1421i.

On October 9, 1957, this court issued a decision in the instant cases overruling plaintiffs' motion for summary judgment without prejudice because the defendant had not at that time filed a responsive pleading. Ct.Cl. 155 F.Supp. 571. Rule 51(a) of the Court of Claims, 28 U.S.C.A.

At the same time, the court overruled defendant's motion to dismiss the petitions for failure to state a cause of action. The basis for the Government's motion to dismiss in the earlier proceeding was that the income taxes sued for by the plaintiffs had been authorized by section 31 of the Organic Act of Guam, which section provides as follows:

"The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in Guam."

Defendant urged that such taxes were imposed upon the plaintiffs pursuant to a separate territorial tax law and not pursuant to the Federal income tax laws of the United States, and that accordingly a suit for the recovery of such taxes, would lie only against the Government of Guam and not against the United States. The court held (Judge Whitaker dissenting, and Judge Laramore not participating) that section 31 of the Organic Act of Guam merely extended to Guam the Federal income tax laws enacted by Congress and in force in the United States and did not create a separate territorial income tax law in the sense that the Government of Guam was the taxing authority or the legislative authority for such tax.

Since the opinion in the earlier case, defendant has filed responsive pleadings to this suit and has renewed its motion to dismiss the petitions for the identical reasons urged in its earlier motion to dismiss. Plaintiffs also have moved for summary judgment.

Prior to 1950, native Guamanians were not citizens of the United States and were therefore exempt from all Federal income taxation on income derived from sources within Guam under section 252 of the Internal Revenue Code of 1939.[1] A United States citizen residing in Guam and earning the bulk of his income from sources within Guam either from the active conduct of a trade or business in Guam on his own account, or as an employee of another, was entitled to exemption from taxation on such income under section 251 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 251. The specific conditions which such a United States citizen residing in Guam was required to meet were as follows:

"(1) If 80 per centum or more of the gross income of such citizen or domestic corporation (computed without the benefit of this section), for the three-year period immediately preceding the close of the taxable year (or for such part of such period immediately preceding the close of such taxable year as may be applicable) was derived from sources within a possession of the United States; and

\* \* \* \* \* \*

"(3) If, in case of such citizen, 50 per centum or more of his gross income (computed without the benefit of this section) for such period or such part thereof was derived from the active conduct of a trade or business within a possession of the United States either on his own account or as an employee or agent of another."

On August 1, 1950, Congress enacted the Organic Act of Guam, 64 Stat. 384, whereby Guam was declared to be an un-

1. Section 252. "(a). Any individual who is a citizen of any possession of the United States (but not otherwise a citizen of the United States) and who is not a resident of the United States, shall be subject to taxation under this chapter only as to income derived from sources within the United States, and in such case the tax shall be computed and paid in the same manner and subject to the same conditions as in the case of other persons who are taxable only as to income derived from such sources. This subsection shall have no application in the case of a citizen of Puerto Rico.

"(b) Nothing in this section shall be construed to alter or amend the provisions of the Act entitled 'An Act making appropriations for the naval service for the fiscal year ending June 30, 1922, and for other purposes,' approved July 12, 1921, c. 44, 42 Stat. 123 (U.S.C., Title 48, § 1397), relating to the imposition of income taxes in the Virgin Islands of the United States." 26 U.S.C.A. (I.R.C. 1939) § 252.

incorporated territory and citizenship was conferred upon the Guamanians. The Act provided in section 31 as follows:

"The income-tax laws in force in the United States of America and those which may hereafter be enacted shall be held to be likewise in force in Guam."

Section 30 of the Organic Act of Guam provided as follows:

"All customs duties and Federal income taxes derived from Guam, the proceeds of all taxes collected under the internal-revenue laws of the United States on articles produced in Guam and transported to the United States, its Territories, or possessions, or consumed in Guam, and the proceeds of any other taxes which may be levied by the Congress on the inhabitants of Guam, and all quarantine, passport, immigration, and naturalization fees collected in Guam shall be covered into the treasury of Guam and held in account for the government of Guam, and shall be expended for the benefit and government of Guam in accordance with the annual budgets."

Pursuant to Executive Order 10211, 3 C.F.R. (1950 Supp.) 74, 48 U.S.C.A. § 1421i note, the provisions of the Organic Act of Guam became effective as of January 1, 1951. Thereafter, both the tax officials of the United States and the officials of the Government of Guam took the position that sections 31 and 30 of the Organic Act of Guam established a separate territorial income tax for Guam which was based on the Federal income tax in force in the United States, but that the exemption provided for United State citizens deriving income from Guam (section 251 of the Internal Revenue Code of 1939 quoted above) was not a part of such separate territorial tax. According to this interpretation, citizens of the United States residing in Guam and deriving income from sources in Guam were subject to the Federal income tax laws of the United States, but

had the benefit of the exemption provided in section 251 of such laws. Such United States citizens residing in Guam were also considered to be subject to this separate territorial income tax law of Guam but not entitled to the exemption provided for in section 251, although that section was contained in the Federal income tax laws on which the Guam income tax law was supposed to be based.

 Upon reconsideration of this problem, the court is of the opinion that the defendant is correct in its interpretation of the Organic Act and its effect upon income earned within the Territory of Guam. We are of the opinion that Congress clearly intended to set up a separate taxing system for the territory modeled after the Federal taxing statutes, Laguana v. Ansell, D.C., 102 F. Supp. 919, affirmed 9 Cir., 212 F.2d 207, certiorari denied 348 U.S. 830, 75 S.Ct. 51, 99 L.Ed. 654; Wilson v. Kennedy, D.C., 123 F.Supp. 156, affirmed 9 Cir., 232 F.2d 153; I.T. 4046, 1951–1 Cum. Bull. 57. The moneys collected by the territorial government went into the treasury of Guam for its use in meeting the governmental needs of the territory, and were not covered into the Treasury of the United States. Under such circumstances it is the Government of Guam and not of the United States that should be a defendant in this suit, and it is therefore not properly brought in this court.

 Furthermore, were we of the opinion that section 31 of the Organic Act did no more than extend the Federal taxing statutes to Guam for the benefit of the United States, we would nevertheless be of the opinion that section 251 of the Code has no application. To include section 251 of the Code as a part of the taxing system for Guam has the effect of exempting from tax all moneys earned within that possession if the above sections are met; i. e., if 80 percent was derived from sources within Guam, and 50 percent of such income was derived from a trade or business within Guam. The result is that no tax could be levied against any person, in-

cluding the Guamanians themselves. Certainly no such intent could reasonably be attributed to Congress. It would be strange indeed for Congress to have either created a separate tax system or extended the Federal system, and then permit to stand a section which would have the effect of exempting all persons in the territory from the imposition of the tax. A close technical construction of certain provisions of the two laws would produce that result. However, it is the duty of the courts to give intent to the acts of Congress which do not result in an absurdity. Helvering v. New York Trust Co., Trustee, 292 U.S. 455, 464–465, 54 S.Ct. 806, 78 L.Ed. 1361; Ozawa v. United States, 260 U.S. 178, 194, 43 S.Ct. 65, 67 L.Ed. 199; Dewsbury v. United States, 146 F.Supp. 467, 137 Ct.Cl. 1.

Since the writing of this opinion, Congress has enacted Public Law 85–688, August 20, 1958, 72 Stat. 681, which ratifies assessments and collections of income taxes made by the Government of Guam under section 31 of the Organic Act. This renders the above question moot if the Act as passed is not unconstitutional. Plaintiff urges in its brief the unconstitutionality of the Act as being retroactive and thus doing violence to the due process clause of the Fifth Amendment. We cannot agree with plaintiffs' contention since it is our opinion that section 31 of the Organic Act as originally passed imposed a separate territorial tax and thus Public Law 85–688 did nothing more than reenact and clarify the existing tax laws affecting the Territory of Guam. Even if the original act was not designed as a separate territorial tax law of Guam, Congress could constitutionally ratify the collection of the tax here in question. United States v. Heinszen & Co., 206 U.S. 370, 27 S.Ct. 742, 51 L.Ed. 1098; Rafferty v. Smith, Bell & Co., 257 U.S. 226, 42 S.Ct. 71, 66 L.Ed. 208.

Since the defect in pleading mentioned above has now been cured and in view of the court's present position expressed herein, the opinion of October 9, 1957, is vacated and withdrawn.

It follows that plaintiffs' motion for summary judgment is denied, and defendant's motion to dismiss is granted. Plaintiffs' petitions are accordingly dismissed.

It is so ordered.

JONES, Chief Judge, and MADDEN and WHITAKER, Judges, concur.