**John D. FORBES and Rosalind L. Forbes, Appellants,**

v.

**A. G. MADDOX, Commissioner of Internal Revenue and Taxation, Government of Guam, Appellee.**

**No. 18569.**

United States Court of Appeals
Ninth Circuit.

Dec. 17, 1964.

Arriola, Bohn & Gayle, Agana, Guam, Albert A. Spiegel, Santa Monica, Cal., for appellants.

Harold W. Burnett, Atty. Gen. for Guam, Richard D. Magee, Deputy Atty. Gen. for Guam, Sol S. Brown, Asst. Atty. Gen. for Guam, Agana, Guam, for appellee.

Louis F. Oberdorfer, Asst. U. S. Atty. Gen., Lee A. Jackson, I. Henry Kutz, J. Edward Shillingburg, Attys., Dept. of Justice, Washington, D. C., for amicus curiae, United States.

Before BARNES, Circuit Judge, MADDEN, Judge of Court of Claims, and BROWNING, Circuit Judge.

BROWNING, Circuit Judge.

The single question presented on this appeal is whether the District Court

of Guam has jurisdiction of suits to redetermine deficiencies assessed under the income tax law of the Territory of Guam. We conclude that it does.

1. 48 U.S.C.A. § 1424(a) grants jurisdiction to the District Court of Guam over "causes in Guam, jurisdiction over which has not been transferred by the legislature to other court or courts established by it." With specific regard to tax litigation, 48 U.S.C.A. § 1421i(h) provides in subsection (1) that "the District Court of Guam shall have exclusive original jurisdiction over all judicial proceedings in Guam * * * with respect to the Guam Territorial income tax." Both of these jurisdictional grants appear to include suits to redetermine Territorial income tax deficiencies.

Despite these provisions, the District Court of Guam concluded that it lacked jurisdiction because subsection (2) of section 1421i(h) expressly authorizes suits against the government of Guam for the recovery of income tax already paid, but is silent as to pre-assessment suits; and because certain letters which passed between the Departments of the Treasury and the Interior indicated that a consent to suits of the latter type was omitted from the draft of section 1421i (h) submitted to Congress because the Department of the Treasury opposed it. Forbes v. Maddox, 212 F.Supp. 662 (D.C. Guam 1963).

So far as the language of section 1421i (h) is concerned, subsection (2) does not purport to limit the general jurisdictional grant of subsection (1) in any way, but rather is simply a waiver of the government of Guam's immunity from suit which the Congress thought was made necessary by this court's decision in Crain v. Government of Guam, 195 F.2d 414 (9th Cir. 1952). See S.Rep. No. 2176, U.S.Code & Admin.News (85th Cong.2d Sess. (1958)) 3647, 3653. In any event, no limiting implication can be drawn from the omission from subsection (2) of section 1421i(h) of an authorization of pre-assessment redetermination suits against the Guam government, since suits of this kind were already authorized by section 19700 of the Government Code of Guam, adopted by the Guam legislature five months prior to the passage of 48 U.S.C.A. § 1421i(h).

█ No inference as to the intent of Congress can be drawn from the exchange between the Departments of the Treasury and the Interior. We are told (and it is not disputed) that the correspondence "remained entirely within the Executive Branch," and nothing in the legislative history indicates that Congress was aware of it. This material aside, there is nothing to suggest that Congress intended to exclude pre-assessment suits from the jurisdiction of the District Court of Guam. The likelihood is to the contrary.

On earlier occasions Congress indicated its awareness of the vital practical importance to taxpayers of the availability of review prior to payment. Flora v. United States, 362 U.S. 145, 158–159, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). See also Bromberg v. Ingling, 300 F.2d 859, 860 (9th Cir. 1962). And by expressly providing that subtitle F of the Internal Revenue Code of 1954 is part of Guam's tax law (48 U.S.C.A. § 1421(d) (1)), the Congress which enacted section 1421i(h) disclosed its intention that such review was to be available to those subject to the Guam tax. The Tax Court of the United States has no jurisdiction in such cases (Dudley v. Commissioner, 258 F.2d 182 (3d Cir. 1958)), and vesting jurisdiction in the District Court of Guam was the most obvious alternative.

Finally, following the enactment of 48 U.S.C.A. § 1421i(h), section 19700 of the Guam Government Code was formally submitted to Congress pursuant to 48 U.S.C.A. § 1423i, and was not annulled within a year. It is therefore "deemed to have been approved" by Congress. Since this section not only specifically authorizes the filing of petitions for redetermination in the District Court of Guam (as we have noted), but also expressly provides that the District Court of Guam shall have the same jurisdiction with respect to the Guam income tax as the Tax Court of the United States

has with respect to the United States income tax, its "approval" by Congress affords at least some support for the conclusion that 48 U.S.C.A. § 1421(h)(2) was not intended to establish the contrary rule.

2. Moreover, we think section 19700 in itself provides an adequate basis for jurisdiction of pre-assessment suits.

As we have said, section 19700 in so many words authorizes the District Court of Guam to entertain such suits, and we believe it to be a lawful exercise of the power vested by Congress in the Guam legislature.

Congress has given the legislature of Guam power to act with respect to "all subjects of legislation of local application not inconsistent with the provisions of * * * the laws of the United States applicable to Guam." 48 U.S.C.A. § 1423a.

Legislation authorizing suits challenging deficiency determinations under the Territorial income tax would seem preeminently "of local application." The tax itself is a local Territorial tax (Wilson v. Kennedy, 232 F.2d 153, 154 (9th Cir. 1956); Laguana v. Ansell, 212 F.2d 207 (9th Cir. 1954), affirming 102 F. Supp. 919, 922 (D.C.Guam 1952); Jennings v. United States, 168 F.Supp. 781, 784, 144 Ct.Cl. 28 (1958); see also Dudley v. Commissioner, 258 F.2d 182, 185, 186 (3d Cir. 1958)), and an enactment granting the District Court of Guam jurisdiction to review deficiencies asserted under that tax comes clearly within the category of "laws growing out of the needs of the Islands and governing relations within them." Granville-Smith v. Granville-Smith, 349 U.S. 1, 10, 75 S.Ct. 553, 558, 99 L.Ed. 773 (1955). That Congress intended to authorize the Guam legislature to act in this respect is indicated by references to the exercise of such power in 48 U.S.C.A. §§ 1421i(h)(5) and 1424.

We note that in Dudley v. Commissioner, supra, 258 F.2d at 188, the Court of Appeals for the Third Circuit assumed the legality of a statute (5 Virgin Islands Code §§ 943–4) similar to section 19700, which was enacted by the Virgin Islands legislature in the exercise of legislative power identical to that conferred upon the Guam legislature by section 1423a. See 48 U.S.C. § 1574(a) (1954).

The second requirement imposed by 48 U.S.C.A. § 1423a for a valid enactment by the legislature of Guam—that it be "not inconsistent with" other laws of the United States applicable to Guam— is likewise satisfied by section 19700. We have found no other federal statute inconsistent with section 19700, and indeed, as we have said, 48 U.S.C.A. §§ 1421i(h)(1) and 1424(a) are themselves affirmative, independent grants of the same jurisdiction as that conferred by section 19700.

Reversed.