**Kenneth T. JONES, Jr., and Harriet Jones, Appellants,**

v.

**George W. INGLING, Commissioner of Revenue and Taxation, Government of Guam, Appellee.**

**No. 17341.**

United States Court of Appeals
Ninth Circuit.

May 14, 1962.

Arriola, Bohn & Gayle, J. C. Arriola, Agana, Guam, for appellants.

Louis A. Otto, Jr., Atty., Gen., Harold W. Burnett, Deputy Atty. Gen., Richard D. McGee, Asst. Atty. Gen., John H. Pigg, Island Atty., Agana, Guam, for appellee.

Before BARNES, JERTBERG and MERRILL, Circuit Judges.

PER CURIAM.

Appellants have taken this appeal under 28 U.S.C. § 1294, from a judgment of the District Court of Guam dismissing their petition for redetermination of income tax liability. Upon this appeal appellee has persuasively argued that under the laws then in force appellants were not entitled to a redetermination of tax liability; that their only remedy was to pay and sue to recover the payment.

■ Since filing of the briefs herein, this court has held that a Guam income tax assessment made simultaneously with the announcement of the deficiency was not a valid assessment since the ninety-day notice of assessment had not been given as provided by law. Bromberg v. Ingling, 9 Cir., February 23, 1962, 300 F.2d 859.

The assessment in the instant case is subject to the same deficiency.

■ Appellee protests that in Bromberg the taxpayer had sued to enjoin collection of the tax in question while here they have simply sought redetermination, to which, in any event, they are not entitled. Under Rule 54(c) F.R.Civ.P., 28 U.S.C.A., however, appellants were entitled to such relief as the Bromberg ruling recognized, whether specifically demanded or not, and at the least were entitled to an opportunity to amend to seek such relief.

Reversed and remanded for further proceedings consistent with this opinion.