John D. FORBES and Rosalind L. Forbes, Petitioners,

v.

A. G. MADDOX, Commissioner of Internal Revenue and Taxation, Government of Guam, Respondent.

Civ. No. 73–62.

District Court of Guam.

Jan. 9, 1963.

Reyes & Lamorena, by V. C. Reyes, Agana, Guam, for petitioners.

Harold W. Burnett, Atty. Gen., Sol S. Brown, Asst. Atty. Gen. of Guam, Agana, Guam, for respondent.

SHRIVER, District Judge.

The petitioners, husband and wife, filed their petition in this court for the redetermination of deficiencies in income tax liability under a notice of deficiency forwarded to them by the respondent. The basis for the petition is that the wife is a citizen of the United States employed by a Federal agency and, therefore, not required to file an income tax return with the government of Guam. An income tax deficiency was to have been assessed against her. The court conducted a pre-trial conference and set the petition for trial, but was subsequently advised by counsel for the petitioners that the petitioners desired to submit the question to the court as a matter of law. The court now holds that it has no jurisdiction to redetermine income tax deficiencies assessed by the government of Guam.

When it became apparent that the Organic Act of Guam should be amended to clarify the collection authority of the government of Guam, draft legislation was prepared by the Department of Interior to accomplish this purpose. Included in such draft was a provision which would grant to the District Court of Guam jurisdiction comparable to that of the Tax Court of the United States as regards the Guam income tax. This draft legislation was submitted to the Department of the Treasury and that Department advised Interior that it objected to the grant of such jurisdiction:

to this court, pointing out that the Congress had never granted to the court having the jurisdiction of a United States district court such review responsibility and that such review should be conducted as a part of the administrative rather than the judicial process. The comments of Treasury were forwarded to the Governor of Guam who advanced reasons as to why it would be preferable to have such jurisdiction vested in the District Court of Guam. Interior forwarded these reasons to Treasury and Treasury replied:

"We have given careful consideration to the additional views expressed in your letter together with the comments of the Governor of Guam and the Judge of the District Court of Guam. However, after a thorough restudy of this matter, we remain of the opinion that this Department at this time cannot support the provision of the proposed bill which would give preassessment review jurisdiction to the District Court of Guam in Guam income tax cases."

As a consequence of this refusal no provision was made in the draft for the exercise of such jurisdiction. The Guam income tax law was amended, effective August 20, 1958, 72 Stat. 681; 48 U.S.C.A. § 1421i. The jurisdictional provisions are contained in § 1421i(h)(1) and (2):

"(1) Notwithstanding any provision of section 1424 of this title or any other provision of law to the contrary, the District Court of Guam shall have exclusive original jurisdiction over all judicial proceedings in Guam, both criminal and civil, regardless of the degree of the offense or of the amount involved, with respect to the Guam Territorial income tax.

"(2) Suits for the recovery of any Guam Territorial income tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, under the income-tax laws in force in Guam, pursuant to subsection (a) of this section, may, regardless of the amount of claim, be maintained against the government of Guam subject to the same statutory requirements as are applicable to suits for the recovery of such amounts maintained against the United States in the United States district courts with respect to the United States income tax. When any judgment against the government of Guam under this paragraph has become final, the Governor shall order the payment of such judgments out of any unencumbered funds in the treasury of Guam."

It is to be noted that such jurisdiction is limited to recovery of amounts paid on the same basis as the jurisdiction exercised by United States district courts with respect to the United States income tax.

Prior to the enactment of these amendments the Guam Legislature, effective March 14, 1958, had adopted Section 19700 of the Government Code of Guam, which purported to grant jurisdiction to the District Court of Guam to exercise the same jurisdiction with regard to the Guam income tax as the Tax Court of the United States exercises with respect to the United States income tax.

Bromberg v. Ingling, 9 Cir., 300 F.2d 859 (1962) involved an action to enjoin the Commissioner of Revenue and Taxation from proceeding to assess an income tax deficiency when the Commissioner had not given the notice which is required in connection with a United States income tax. In its opinion the court referred to Section 19700 and quoted it, but added that the court did not reach the question of its validity as that question was involved in Jones v. Ingling, not yet argued. In Jones v. Ingling, 9 Cir., 303 F.2d 438 (1962) the court did not consider the validity of 19700, but held that the appellants who had sought the redetermination of their income tax lia-

bility were entitled under Rule 54(c), F.R.Civ.P., to the same relief as that given in Bromberg and that they were entitled to amend to seek such relief. This court now holds that it has no jurisdiction to consider a petition for redetermination of income tax liability because the United States Congress, by the amendments referred to, supra, has limited its jurisdiction to that which may properly be exercised by a United States district court in connection with United States income taxes.

In accordance with Jones, the petitioners should be given an opportunity to amend if they so desire to seek such relief as the court may properly grant.

IT IS THEREFORE ORDERED:

1. The petition heretofore filed is dismissed.

2. The petitioners are given twenty (20) days in which to file an amended petition or complaint as they are advised.