Emma JANOUSEK, Eunice Janousek, Joseph O. Janousek, Frank Kozak, Josephine Peterka, Emil Cwach, Emil Cwach, President, Louis B. Nedved, Secretary of Janousek Community Hall Association, Appellants,

v.

Willard B. WELLS, Administrator of the Estate of William L. Bruce, Lillian Fejfar Griffin, Louis B. French, James A. Wagner, Harold C. Doyle, James E. Doyle, Mae Doyle, Mary Doyle Morgan, Joseph Fejfar, Appellees.

No. 16781.

United States Court of Appeals
Eighth Circuit.

May 16, 1962.

Joseph O. Janousek, Washington, D. C., for appellants.

Everett A. Bogue, Vermillion, S. D., and Louis B. French, Yankton, S. D., for appellees.

Before SANBORN and MATTHES, Circuit Judges, and GRAVEN, Senior District Judge.

PER CURIAM.

For the second time this case has reached this court. On the first appeal, sub nom. Kozak v. Wells, 8 Cir., 278 F.2d 104, opinion filed April 26, 1960, we reviewed the court's action in denying motions for leave to intervene and vacated the trial court's order with directions to grant the right of intervention. Thereafter, as before, the plaintiffs (appellants) pursued a course similar to that followed in Janousek v. French, 8 Cir., 287 F.2d 616, which, as here, resulted in a dismissal for failure to prosecute.

This action was commenced by the filing of a complaint in the United States District Court for the District of South Dakota in September, 1957. The purpose thereof and proceedings had therein prior to the first appeal are adequately summarized in our opinion in Kozak, supra, 278 F.2d 104. After our mandate was filed in the district court on or about May 19, 1960, numerous papers were filed, among them being a motion filed by plaintiffs on or about February 8, 1961, to add Everett A. Bogue as a party defendant. Mr. Bogue had been attorney of record for one or more of the defendants since the institution of this action. On or about February 16, 1961, a motion was filed by Janousek Community Hall Association for leave to intervene as a party plaintiff. One of the attorneys for this

applicant was Joseph O. Janousek of Washington, D. C., who has also been chief counsel for the original plaintiffs from the inception of this litigation.

Pursuant to notice duly served on Mr. Janousek and a letter to him from the Honorable George T. Mickelson, Judge of the District Court, a pre-trial conference was held in Sioux Falls, South Dakota, on March 15, 1961, commencing at 9:30 o'clock a. m.[1] Present at this conference were Norman Jaquith of Vermillion, South Dakota, and Henry C. Mundt, of Sioux Falls, South Dakota, representing the plaintiffs and the plaintiff-interveners; Miss Eunice Janousek, one of the plaintiffs, in person; Everett A. Bogue, who represented certain defendants; and other defendants who appeared in person. Joseph O. Janousek made no appearance.

At the outset of this conference, which consumed the greater portion of March 15 and March 16, 1961, Judge Mickelson announced that it was his desire to dispose of all pending motions and that the case would be tried during the March term of court. It soon became evident that the local attorneys representing plaintiffs were not fully familiar with all facets of the litigation and that their authority to proceed and act had been limited by Joseph O. Janousek. Upon inquiry concerning Mr. Janousek's absence the court was advised by one of the local attorneys that "The only reason I can

give you, your Honor, is this: he was indicted down in Yankton, South Dakota, on a charge of mutilating some criminal file, and there's an extradition out for him, and he has started a civil rights injunction suit here in this court. * * *." After further discussion, the court stated:

"The last time I counted the docket entries in this case No. 1122, which was approximately a month or six weeks ago, there were a total of 208 separate docket entries in a case that has been pending now since 1957, and in the meantime two regular terms of court have been held each year. And if my memory also serves me correctly, the only times that Mr. Janousek has ever been out in the District, or at least in court, was on two occasions, and they were in connection with some of the early proceedings in this case. Since that time he's never appeared at the call of the calendar and has never made any real effort to bring this case on for trial; and when the case approached a term of court at which it could be tried and the issues determined, with plenty of time in between to get the preliminary matters out of the way, additional motions were filed, which the Court deems now, in view of the large number of them, many of them were filed purely for the purpose of delay."

1. Judge Mickelson's letter to Mr. Janousek written under date of March 6, 1961, was: "This will acknowledge receipt of your letter of March 2nd, inquiring as to what arrangements had been made with me for noticing the motion in the case of Janousek, et al. v. Wells, Administrator, et al., No. 1122 S.D., for March 14th.

"Our regular March term of the United States District Court, Southern Division, opens on Tuesday, March 14, 1961, at ten o'clock A.M., and I presume that is the reason why they noticed this motion for hearing at that time. In checking the calendar for the coming March term of court, I find there are three cases in which you appear as either a party plaintiff, or as an attorney, or both. They are the above numbered 1122, Janousek v. Harold C. Doyle, et al., Civil No. 1226 S.D., and Janousek v. Harold C. Doyle,

et al., Civil No. 1212 S.D. While I have not checked the files carefully in these cases, my remembrance is that there are some pending motions which will be decided either on the first day of the term and after the call of the calendar or at pre-trial conferences.

"So that you may be fully informed, we will call the calendar of all cases appearing thereon, which will include your cases above listed, each of the cases will be given a trial number, and a date for a pretrial conference will be fixed, which will be during the week following the call of the calendar. I am very anxious to keep my calendar current, and will expect you and your associate counsel to be prepared to dispose of all pending motions, attend the pre-trial conferences, and to try these cases or otherwise dispose of them during the coming term."

The conference proceeded, and after hearing the parties and upon due consideration, the court denied the motion of Janousek Community Hall Association to intervene, denied the motion to add Mr. Bogue as a party defendant, denied a motion by plaintiffs for a preliminary injunction, and considered and ruled upon other motions not pertinent to this appeal.

Following disposition of the motions, the question of setting the case for trial was taken up and discussed. In this connection Judge Mickelson directed the local attorneys for plaintiffs to contact Mr. Janousek by telephone and ascertain when he would be able to try the case. This apparently was done and their report the following morning failed to satisfy the court that Mr. Janousek intended to cooperate so that the case could be tried within a reasonable period of time. The local attorneys stated that they were without authority to proceed in Janousek's absence and that the latter had advised them that he would take an appeal from any adverse order entered during the pre-trial conference. After lengthy discussion the court, upon motion of defendants, dismissed the action for failure to prosecute. The motivation for this action appears clearly from this statement made by Judge Mickelson:

"The court has repeatedly throughout this pre-trial conference assured resident counsel for the plaintiffs and plaintiff-interveners and the plaintiff Eunice Janousek, who has for the most part sat at the conference table throughout the entire period of this pre-trial conference and has freely communicated with her counsel, that it was the Court's sincere hope that this case could be tried without further delay and the case decided and all of the issues involved determined upon their merits. That has been the sincere hope of this Court since the action was first filed, but throughout the 3½ years that the case has been pending, the Court reluctantly has reached the conclusion, and from the manner in which the plaintiffs and plaintiff-interveners, through their counsel, have participated, or perhaps more accurately failed to participate, in this pre-trial conference and in any way giving this Court any assurance of their desire to try this case and bring it on for trial with diligence, or give the Court any definite date or assurances as to when in the reasonably near future the trial of the case could be had, the Court feels that the plaintiffs and plaintiff-interveners have failed to prosecute this case with diligence, as required and contemplated by the Federal Rules of Civil Procedure, and that the case should be dismissed with prejudice, and with taxation of costs against the plaintiffs and plaintiff-interveners.

\* \* \* \* \* \*

"It being so apparent to the Court that fixing a date for the trial of this case by the Court, before entertaining a motion on the part of the defendants to dismiss for lack of prosecution, or before the Court upon its own motion should dismiss the case for lack of diligence in the prosecution thereof, would be such a useless and idle act that the Court deems it entirely proper, in view of what has transpired at this pre-trial conference, \* \* \* [to grant] the defendants' motion to dismiss the action, and in fact the Court of its own motion feels that the action should be dismissed for lack of diligence in bringing the same to trial."

Plaintiffs and plaintiff-interveners appealed from eight orders entered during the pre-trial conference but here they have briefed only three: (1) order denying right of Janousek Community Hall Association to intervene, (2) order denying application to add Bogue as a party defendant, and (3) dismissal of the action.[2]

2. The notice of appeal was signed by Joseph O. Janousek and Henry C. Mundt, attorneys for plaintiffs and plaintiff-interveners. The brief filed in behalf of

■■ The legal principles applying to intervention in federal actions are settled and were thoroughly and adequately reviewed in Kozak, supra, 278 F.2d 104. As we there pointed out, the application must be timely. Beyond peradventure of a doubt the instant application for intervention does not meet this test and for that reason alone the court was justified in denying the same. Furthermore, from the beginning one of the defendants named in the original complaint was Louis Nedved, secretary of Janousek Community Hall Association. In this situation we are unable to visualize any legal or logical basis for the same association being brought into the action through intervention more than three years after it had been commenced. The circumstances support the conclusion of the trial court that the application to intervene was filed for the sole purpose of further delaying the trial.

■■ The last hour attempt of plaintiffs' attorney, Joseph O. Janousek, to bring defense attorney Bogue into the case as a defendant was properly denied by the court. Nothing appears from any of the numerous papers on file to indicate that Bogue was an indispensable party. See Rule 19, Federal Rules of Civil Procedure 28 U.S.C.A. Indeed, it is debatable whether he was even a proper party to the action. In any event, the motion was addressed to the sound discretion of the trial court, Curacao Trading Co., Inc. v. Federal Ins. Co., 2 Cir., 137 F.2d 911, 914, cert. den. 321 U.S. 765, and we are convinced that the denial of the motion did not constitute an abuse of discretion.

■ The question remains whether the action should have been dismissed for failure to prosecute. As indicated, we were concerned with a similar situation, involving some of the instant parties, in Janousek v. French, supra, 287 F.2d 616. We there reviewed and discussed the controlling principles of law and shall not repeat them here. See also Partridge v. St. Louis Joint Stock Land Bank, 8 Cir., 130 F.2d 281; Sweeney v. Anderson, 10 Cir., 129 F.2d 756; and Newport v. Revyuk, 8 Cir., opinion filed May 15, 1962, 303 F.2d 23 Rule 41(b), Federal Rules of Civil Procedure, expressly authorizes dismissal, upon motion, for failure to prosecute. The exercise of that authority involves the sound discretion of the trial court. We have carefully studied and considered the voluminous file which has accumulated since this action was commenced. By actual count, 175 different papers and documents have been filed, a large number thereof being motions interposed by plaintiffs. In March, 1961, and after more than four years had passed, the case was still bogged down with motions and was no nearer to a final disposition than it had been three years before. The courts are always open to all persons in order that disputes and controversies may be litigated and resolved in accordance with clearly defined rules of procedure and the law. One of these rules requires the plaintiff to prosecute his cause of action with reasonable diligence, and if he flouts this rule he stands to suffer the penalty of dismissal. From this record it is compellingly clear that plaintiffs not only failed to exercise reasonable diligence in attempting to frame the issues and in otherwise directing their actions toward a trial, but that they impeded the progress of the litigation by every obstacle and maneuver which their ingenuity could command. The dismissal was not the result of arbitrary action by the seasoned trial judge. The pre-trial proceedings demonstrate that the Judge was trying to clear away all of the "underbrush" and that he was making a conscientious effort to get the case in proper status for trial. It was only after it became apparent that plaintiffs' chief counsel, Joseph O. Janousek, was not inclined to cooperate and that further roadblocks would be encountered ad infinitum, that the Judge reached the

appellants also bears Mr. Mundt's name, however on February 16, 1962, Mr. Mundt withdrew as attorney for "plaintiffs" in this court. Mr. Janousek did not personally appear and present oral argument.

conclusion that the motion to dismiss was meritorious and that dismissal was required. We are in accord with the action that was taken and are fully satisfied that such action did not result from an abuse of discretion.

The orders appealed from are

Affirmed.

