Joseph O. JANOUSEK, Appellant,

v.

Harold C. DOYLE, Louis B. French, Edward Sampson, Parnell Donohue, and William Hladky, Appellees (two cases).

Nos. 17055, 17077.

United States Court of Appeals
Eighth Circuit.

Feb. 20, 1963.

See also 313 F.2d 922.

Adolph K. Schwartz, St. Louis, Mo., Joseph O. Janousek, Washington, D. C., on the brief pro se, for appellant.

Louis B. French, Harold C. Doyle, Yankton, S. D., and Parnell Donohue, Pierre, S. D., and Louis B. French, Yankton, S. D., pro se, for appellees.

Before SANBORN, VAN OOSTERHOUT and MATTHES, Circuit Judges.

PER CURIAM.

Appeal No. 17,055 is from an order denying a preliminary injunction, and No. 17,077 is from the judgment dismissing the action with prejudice after No. 17,055 was filed in this court. A résumé of the proceedings in the court below as disclosed by the original files is necessary to fully understand and evaluate the issues and contentions of the parties.

Joseph O. Janousek (plaintiff-appellant), a practicing attorney in the District of Columbia, instituted this action in the United States District Court for the District of South Dakota on November 25, 1959.[1] Defendants were Harold C. Doyle, then State's Attorney for Yankton County, South Dakota; Louis B. French, a practicing attorney in that county; Edward Sampson, then sheriff of that county; Parnell Donohue, then Attorney General of the State of South Dakota, and William Hladky, former clerk of the Circuit Court of Yankton County. The complaint, consisting of eighteen typewritten pages, alleged that the action arose under the Fourteenth Amendment to the United States Constitution and under the Civil Rights Act, 42 U.S.C. § 1981 et seq., and under 28 U.S.C. § 1343. The action was premised on an alleged conspiracy between defendants supposedly entered into and carried out for the purpose of preventing appellant Joseph Janousek from appearing in South Dakota and representing plaintiffs in Civil Action No. 1122, supra, footnote 1, then pending in the same federal court and in which Emma Janousek, et al., were plaintiffs, and William L. Bruce, et al., were defendants. Included in the complaint was an allegation that defendants, in furtherance of the conspiracy, had contrived to falsely charge plaintiff with violation of a local criminal law and had attempted to procure his extradition to South Dakota upon these false charges, thereby attempting to intimidate him for the purpose of preventing him from returning to South Dakota to litigate the pending civil actions against defendants.

All of the defendants filed separate motions to dismiss the complaint.

Upon motion of plaintiff the cause was continued from the March, 1961 to the August, 1961 term of court. On August 1, 1961, plaintiff filed another motion for continuance based upon his illness and the illness of Emma Janousek. In support of the motion Mr. Janousek averred under oath:

"Due diligence has been exercised in the preparation of this case and in trial preparation, both by Mr. Mundt, South Dakota counsel, the undersigned affiant, and attorney-specialists in the field of civil rights in different sections of the United States. At the time of trial two attorneys, of Washington, D. C., widely experienced in this class of litigation are entering their appearances in this case for the plaintiff to assist in its trial with Mr. Mundt. * * *

"The plaintiff states unreservedly that he, his several counsel, witnesses and all others, so far as the plaintiff's case is concerned, will be ready promptly to proceed with the trial of this case and most anxious to do so, at the March 1962 Term of this Court, as it presents questions and rights of extreme and utmost importance not alone to this plaintiff and his clients, but to the bar, members of the legal profession generally, and organized groups concerned

1. We are advised that the instant action was one of six that has been instituted by members of the Janousek family and apparently all involve, directly or indirectly, the "Janousek Town Site." In addition to these appeals and appeals Nos. 17,056 and 17,078 in Janousek v. Doyle, et al., 8 Cir., 313 F.2d 922, disposed of in an opinion filed simultaneously herewith, we have previously considered and disposed of three appeals involving four of the cases so instituted. See Kozak v. Wells, 8 Cir., 278 F.2d 104 (1960), an appeal from an order denying intervention; Janousek v. French, 8 Cir., 287 F.2d 616 (1961), affirming judgments dismissing two of the Janousek actions; Janousek v. Wells, 8 Cir., 303 F.2d 118 (1962), affirming order dismissing Civil Action No. 1122.

with the preservation of civil liberties in the United States. * * * "

The cause having been continued to the March term of court, on March 12, 1962, plaintiff filed motion for temporary injunction, with supporting affidavit, seeking to enjoin defendants from interfering with plaintiff in the prosecution of the litigation pending in the South Dakota District Court, and on March 14, 1962, plaintiff filed motion to transfer the cause to another federal district. The court entered orders, of which plaintiff had notice, setting both motions for hearing on March 24, 1962.

Plaintiff failed to appear in person or by counsel on March 24, but all defendants appeared either personally or by counsel. Thereupon, after due consideration, the court denied the motion to transfer and the motion for preliminary injunction, and the cause was "pursuant to the Order of this Court on the opening day of this term, placed on the peremptory call of the court trial calendar and at the end thereof." [2] From that portion of the order denying the temporary injunction plaintiff appealed to this court.[3] The case, being at issue, came on for trial on March 28, 1962, but again plaintiff failed to appear either in person or by counsel while the defendants were present in person and by counsel and announced ready for trial. Thereupon, the cause was dismissed,[4] and as stated, from

2. The relevant portion of the court's order is:

"The Court having considered the motions of the plaintiff for transfer of this action to another district, for preliminary injunction, and vacation of the order setting the time and place for the hearing of such motions, and the plaintiff having failed to prosecute said action with any diligence whatsoever, and it further appearing the transfer of such cause is not for the convenience of the parties, the witnesses, nor will it be in the interests of justice, and it further appearing to the Court from the showing of the respective parties that the plaintiff can have a fair and impartial trial in this district, the Court so finds. The Court further finds that the plaintiff brought this action in this district and so elected to submit to its jurisdiction; that the State of South Dakota is where the defendants reside, where the alleged townsite of Janousek is located, and most of the witnesses reside; that the plaintiff neither offered any evidence or testimony upon hearing said motions in support thereof, and it further appearing that the plaintiff is in violation of the local rules of this Court that he has failed and refused to comply with local rules of this Court and commitments previously made to this Court, that the plaintiff has failed to retain resident local counsel, contrary to rules of this Court, and the Court further finds the plaintiff has failed to show any irreparable or immediate injury, the Court now exercising the discretion vested in it by law and having considered all of the records, files and statements of counsel, it is accordingly

"ORDERED as follows:

"1. That the Motion for transfer of the action to another district is hereby denied.

"2. That the Motion for a preliminary injunction is hereby denied.

"3. That the Motion to vacate the order setting this as the time and place for the hearing of the Motions for transfer of the action to another district and preliminary injunction is hereby denied.

"4. That the above entitled action, be and the same is, hereby, pursuant to the Order of this Court on the opening day of this term, placed on the peremptory call of the court trial calendar and at the end thereof."

3. The notice of appeal was dated March 26, 1962, and filed in the district clerk's office on March 28, 1962, at 8:50 o'clock a. m.

4. In pertinent part, the court's order is:

"The above entitled action came on before the Court at the courtroom of the United States District Court in the Federal Building in Sioux Falls, South Dakota, at the regular call of the calendar on March 13, 1962, at which time said action was placed on the peremptory call of the court trial calendar and at the end thereof; pursuant to the rules of the Court a pre-trial conference was scheduled for March 24, 1962, at 9:30 o'clock in the forenoon at said courtroom.

"The Court then having convened said pre-trial conference at the time and place hereinbefore set forth, and the defendants Harold C. Doyle and Parnell Donohue appearing in person, and the defendant, Louis B. French, appearing for himself and as attorney for defendants Ed-

this dismissal judgment plaintiff has also appealed.

These appeals present two basic issues. In No. 17,055 appellant contends that the court below ignored and violated Rule 52 (a) of the Fed.R.Civ.P. in that it failed to make findings of fact and conclusions of law showing the grounds for its action in denying the temporary injunction,[5] and insists upon reversal with directions to the court to comply with the rule. Appellees argue: (1) the affirmance of the dismissal in cause No. 1122—Janousek v. Wells, supra, 303 F.2d 118 (sometimes referred to in the record as the parent suit)—renders this action moot, and (2) that the failure of the court to file more explicit and formal findings of fact is not fatal to the order denying the temporary restraining order.

In No. 17,077 appellant's position is that upon the filing of notice of appeal from the interlocutory order denying the temporary injunction, jurisdiction was transferred from the district court to the court of appeals and consequently the district court acted in a vacuum in attempting to dismiss the cause

ward A. Sampson and William Hladky, and the plaintiff, in disregard of the rules and order of this Court, failed to appear either in person or by attorney, the Court thereupon proceeded to hear the several motions of the plaintiff, and at the conclusion of said pre-trial conference, entered its order denying the several motions of plaintiff, and each of said motions, and placing said action, pursuant to its order on the opening day of said term, on peremptory call of the court trial calendar and at the end thereof, all of which more fully appears from that certain order of this Court dated March 24, 1962, and by reference made a part hereof.

"And it appearing to the Court from an examination of the files and records herein that Frank Kozak, by and through his attorneys, Joseph O. Janousek and Henry C. Mundt, moved to intervene March 1, 1961, and that plaintiff moved to add Everett A. Bogue as a defendant, May 11, 1960, and said motions having been submitted to the Court on the record and without a hearing and having been considered in conjunction with the record and files herein as a whole and the motion of dismissal as hereinafter set forth.

"And the case coming on for trial, in its regular order, pursuant to its order on the call of the calendar and further order of the Court at pre-trial conference, to-wit: March 28, 1962, at the courtroom of the United States District Court in the Federal Building in Sioux Falls, South Dakota, present the Honorable Axel J. Beck, presiding Judge, officers of the court, plaintiff failing to appear either in person or by attorney, and defendants Harold C. Doyle and Parnell Donohue appearing in person, and defendant, Louis B. French, appearing for himself and as attorney for de-

fendants Edward A. Sampson and William Hladky, and said last two named defendants appearing in person.

"The defendants, and each of them, then announced they were ready for trial, and upon plaintiff's failure to then proceed and prosecute this action, counsel for defendants and each of them, then having moved the Court to dismiss the action of plaintiff upon its merits with prejudice and costs to be taxed against plaintiff, and the Court being of the opinion said action should be dismissed for failure of plaintiff to proceed and prosecute this action, for failure to comply with the local rules of this Court preventing orderly trial of this case, failure to show any irreparable or immediate injury and for all the further grounds and reasons dictated into the record of the Court, which record by reference is made a part hereof, now, therefore, the Court exercising the discretion vested in it by law and having considered all the records, files and statements of counsel, and related cases, as aforesaid, it is accordingly

"ORDERED, ADJUDGED AND DECREED for all the reasons herein recited, that the above entitled action of plaintiff against the defendants and each of them, be and the same is hereby, in all matters and things, dismissed upon its merits, and with prejudice."

5. Rule 52(a) provides that:
 "In all actions tried upon the facts without a jury. * * * the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. * * *"

As thus posited, we will first consider and dispose of the second appeal, No. 17,077, because manifestly if the court had the power to act when it dismissed the cause of action, the appeal in No. 17,-055 is rendered moot provided, of course, that the dismissal was not the result of an abuse of discretion.

■ As a general rule, the filing of a timely and sufficient notice of appeal operates to transfer jurisdiction of the case to the court of appeals, and after such filing the district court is without jurisdiction to proceed further in the case, except in aid of the appeal or under Rule 60(a), Fed.R.Civ.P. Hence, subsequent proceedings in the district court are ordinarily ineffective. 7 Moore, Federal Practice § 73.13, at 3158–59 (2d ed. 1955); 3A Barron and Holtzoff, Federal Practice and Procedure § 1558 (Rules ed. 1958). This rule has been applied with consistency in cases where the order or judgment from which the appeal was taken was final in its nature as to all or certain aspects of the case. See for example: Commonwealth Ins. Co. of N. Y. v. O. Henry Tent & Awn. Co., 7 Cir., 273 F.2d 163 (1959); Thompson v. Harry C. Erb, Inc., 3 Cir., 240 F.2d 452 (1957); Grand Opera Co. v. Twentieth Century-Fox Film Corp., 7 Cir., 235 F.2d 303 (1956); Smith v. Pollin, 90 U.S.App.D. C. 178, 194 F.2d 349 (1952); Secretary of Banking of Pennsylvania v. Alker, 3. Cir., 183 F.2d 429 (1950), cert. denied, Du Ban v. Federal Deposit Ins. Corp., 340 U.S. 917, 71 S.Ct. 351, 95 L.Ed. 663 (1951); Fiske v. Wallace, 8 Cir., 115 F.2d 1003 (1940), cert. denied, 314 U.S. 663, 62 S.Ct. 123, 86 L.Ed. 566 (1941); Miller v. United States, 7 Cir., 114 F.2d 267 (1940); and Midland Terminal Ry. Co. v. Warinner, 8 Cir., 294 F. 185 (1923).

■ However, where, as here, the appeal is from an interlocutory order denying a motion for preliminary injunction, the foregoing rule does not obtain, and

the filing of the notice of appeal from such an order does not ipso facto divest the district court of jurisdiction to proceed with the cause with respect to any matter not involved in the appeal, or operate to automatically stay other proceedings in the cause pending the appeal.[6]

Section 129 of the March 3, 1911 Code, 36 Stat. 1134, a forerunner of 28 U.S.C.A. § 1292(a), provided, in summary, that where an injunction shall be granted, continued, refused or dissolved by an interlocutory order of a district court, an appeal may be taken from such interlocutory order to the circuit court of appeals, provided the appeal is taken within thirty days from the entry of such order, "and the proceedings in other respects in the court below shall not be stayed unless otherwise ordered by that court, or the appellate court, or a judge thereof, during the pendency of such appeal."

In considering the above predecessor of § 1292(a), the Sixth Circuit in Foote v. Parsons Non-Skid Co., 196 F. 951 (1912), announced "[a]n appeal from a motion granting a preliminary injunction does not have the effect to remove the cause to this court, but the cause generally remains in the court below, and continues in the control of that court. Section 129, Judicial Code." The Second Circuit in an earlier case, Crown Cork & Seal Co. of Baltimore City v. Standard Stopper Co., 136 F. 184 (1904), stated:

"As the appeal is from an interlocutory decree granting an injunction and ordering an accounting, the cause, for all purposes except a review of the injunction below * * is unaffected by the appeal, in the absence of an order by that court staying the proceedings. Section 7, Court of Appeals Act June 6, 1900, c. 803, 31 Stat. 660."

See also, Ex parte National Enameling & Stamping Co., 201 U.S. 156, 26 S.Ct. 404, 50 L.Ed. 707 (1906), a case applying

---

6. 28 U.S.C.A. § 1292(a) confers jurisdiction upon courts of appeals from "Interlocutory orders of the district courts

* * * granting * * * [or] refusing * * * injunctions."

§ 7 of the Act of March 3, 1891, 26 Stat. 828 as amended 28 Stat. 666, 31 Stat. 660 —a section that was also a forerunner of § 1292(a).

■■ Although the explicit proviso of § 129 of the 1911 Code quoted, supra, does not appear as a part of 28 U.S.C.A. § 1292(a), in our view these eliminated provisions are now incorporated in Rule 62(a) of the Fed.R.Civ.P. Rule 62(a) provides:

> "*Unless otherwise ordered by the court,* an interlocutory or final judgment in an action for an injunction * * * shall not be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal." (Emphasis supplied)

Under Rule 62(c) when an appeal is taken from an interlocutory judgment denying an injunction, the district court may grant an injunction during the pendency of the appeal upon such terms as it considers proper for the security of the rights of the adverse party. Rule 62(g) provides:

> "The provisions in this rule do not limit any power of an appellate court or of a judge or justice thereof to stay proceedings during the pendency of an appeal or to * * * grant an injunction during the pendency of an appeal or to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered."

Thus, a party appealing from an interlocutory order is not without a protective shield—he may apply either to the district court or the court of appeals to stay further proceedings in the district court as to matters in the cause not involved in the appeal.

In Phelan v. Taitano, 233 F.2d 117 (1956), the Ninth Circuit considered an almost identical procedural problem as here involved. As in the instant case, an appeal was taken from an order denying a preliminary injunction, which was entered at the time a motion of appellees to dismiss the action was still pending. From a subsequent judgment dismissing the action, appellants appealed, contending, as here, that the filing of the notice of appeal from the first order divested the district court of jurisdiction to rule on the motion to dismiss. In rejecting this contention, the court stated:

> "An appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case. 'The case, except for the hearing on the appeal from the interlocutory order, is to proceed in the lower court, as though no such appeal had been taken, unless otherwise specially ordered.' Ex parte National Enameling & Stamping Co., 201 U.S. 156, 26 S.Ct. 404, 406, 50 L.Ed. 707." 233 F.2d at 119.

Contrary to appellant's assertion, Merritt-Chapman & Scott Corp. v. City of Seattle, Wash., 9 Cir., 281 F.2d 896 (1960), does not in any manner lessen the effect of the Phelan case. For in Merritt-Chapman, the question was whether the district court lost jurisdiction to modify a non-appealable order after appeal had been taken from that very order,—a distinction which in our opinion renders that case inapposite.

■ From all of the foregoing we are firmly convinced that appellant's action in appealing from the order denying the preliminary injunction did not divest the court of jurisdiction and that the court was empowered to act as it did.

■ The question whether the trial court's action in dismissing the cause was an abuse of its discretion has received our careful consideration.

As previously noted, in March, 1961, after the cause had been pending approximately fifteen months, appellant applied for and was granted a continuance. During or immediately prior to the August, 1961 term, appellant again moved for a continuance, and on this occasion he asserted under oath "unreservedly that he, his several counsel, witnesses and all others * * * will be ready promptly

to proceed with the trial of this case, and most anxious to do so, at the March 1962 Term of this Court." But on the eve of the commencement of the March term, appellant filed the motion for temporary injunction and two days later the motion to transfer the cause to another district. The circumstances upon which appellant premised his motion for temporary injunction were, with the exception of Mr. Mundt's withdrawal as his counsel, substantially the same as those forming the basis for the original complaint. Thus, in view of appellant's statement under oath, made in August, 1961 that two Washington, D. C. lawyers, experienced in civil rights litigation, would enter their appearance and assist in the trial of the case, the trial judge was fully justified in concluding, as he evidently did, that the belated motions were further demonstration that as in prior cases, Mr. Janousek was engaging in dilatory tactics designed to forestall the trial of the litigation.

A reading of the original files, the numerous motions and other papers filed, demonstrates to our satisfaction that the course of action pursued here by Mr. Janousek followed the precise pattern of the prior Janousek cases which ultimately met the same fatal dismissal. Janousek v. Wells, supra, 303 F.2d 118, and Janousek v. French, supra, 287 F.2d 616. Here, also, as in previous cases, appellant has made serious charges against public officials of the State of South Dakota. For example, he avers that he is "prepared to testify and offer evidence showing that the defendants herein, acting in conformity with the pattern of their felonious and professional misconduct, as charged in this action, have engaged in felonies in Yankton County ranging from perjury to accessorial complicity in murder, followed by suppression of evidence by which they have avoided being brought to justice to the present time." Appellant writes in brilliant generalities of the importance of protecting civil liberties, but the dilatory course of action he has pursued, replete with one grave accusation after another, compels us to wonder whether he is motivated more by a desire to fulfill a personal vendetta than by a sincere desire to protect a civil liberty. The courts are always open to shield an individual from the wrath of corrupt authority, but an abuse of the right to seek redress in the judicial forum is detrimental to the right itself—a blow against the machinery of democracy.

The judgment in No. 17,077 dismissing the cause is affirmed; appeal No. 17,055 is dismissed as moot.