**UNITED STATES of America,**

v.

**John N. MITCHELL et al.,**
**Defendants.**

**Crim. No. 74–110.**

United States District Court,
District of Columbia.

July 25, 1975.

William G. Hundley, Hundley, Cacheris & Sharp, P. C., Washington, D. C., for defendants.

Henry S. Ruth, Jr., Peter M. Kreindler, Kenneth S. Geller, Peter F. Rient, Watergate Special Prosecution Force, 1425 K Street, N.W., Washington, D. C., for the United States.

## MEMORANDUM OPINION AND ORDER

SIRICA, District Judge.

This matter comes before the Court on defendant Mitchell's Motion for *In Camera* Examination By The Court of Richard M. Nixon's Testimony, the memorandum of the United States responding in opposition thereto, and the defendant's memorandum in reply.

Defendant Mitchell requests that this Court review, *in camera,* some eleven hours of sworn, recorded testimony given in California by Mr. Nixon before two grand jurors and members of the Special Prosecutor's office for use in proceedings ancillary to grand jury investigations.

Defendant's motion is not, and does not purport to be, a motion for a new trial based on the ground of newly-discovered evidence under Rule 33 of the Federal Rules of Criminal Procedure. Rather, it appears to be a motion requesting that the Court review Mr. Nixon's testimony to determine whether there exists therein any information which relates in any way to the issues litigated in the trial of *United States v. Mitchell, et al.,* and to make any such information, should it exist, available to defendant's counsel. This motion sounds like a motion for post-trial discovery which raises the question of this Court's authority to grant such a request.

Furthermore, it is generally held that the District Court loses power to act after a notice of appeal has been filed, absent a specific rule authorizing District Court action. As stated by the Court of Appeals in *United States v. Mack,* 151 U.S.App.D.C. 162, 466 F.2d 333 (1972):

As a general rule, a district court's authority to take further action in a

**192**

case is severely limited by the noting of an appeal. 466 F.2d at 340.

The filing of a timely and sufficient appeal has the effect of immediately transferring jurisdiction from the District Court to the Court of Appeals with respect to any matter involved in the appeal. It divests the District Court of authority to proceed further with respect to such matters. 9 J. Moore, Federal Practice, ¶ 203.11 at 734. *See also, G & M, Inc. v. Newbern,* 488 F.2d 742 (9 Cir. 1973); *Janousek v. Doyle,* 313 F.2d 916 (8 Cir. 1963).

Defendant Mitchell filed a timely and proper notice of appeal in the instant case on March 3, 1975. Thus, it appears to the Court that it lacks jurisdiction over the subject matter, such jurisdiction having been transferred to the Court of Appeals.

It is, therefore, this 25th day of July, 1975,

Ordered that defendant Mitchell's motion for an *in camera* review of the testimony of Richard M. Nixon by this Court be, and the same hereby is, denied.