**Harriet WEAVER, on behalf of herself and all other persons similarly situated, Plaintiff-Appellant,**

v.

**David H. PINGREE, Secretary, Florida Department of Health and Rehabilitative Services (H.R.S.), Individually and in his capacity as Secretary of the Florida Department of H.R.S., et al., Defendants-Appellees.**

No. 78–3205.

United States Court of Appeals, Fifth Circuit.

July 9, 1979.

Charles R. Colbrunn, Orlando, Fla., for plaintiff-appellant.

Chester Senf, James G. Mahorner, Asst. General Counsels, Tallahassee, Fla., General Counsel, Florida Dept. of HRS, Robert L. Shevin, Atty. Gen., Tallahassee, Fla., for defendants-appellees.

Before CLARK, GEE and HILL, Circuit Judges.

BY THE COURT:

A substantial question about the jurisdiction of the district court, upon which ours depends, to entertain this cause has arisen since the filing of this appeal. See *Chapman v. Houston Welfare Rights Organization, et al.,* —— U.S. ——, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979). That decision arguably destroys major jurisdictional bases of the action, and the record indicates the jurisdictional amount required for federal question jurisdiction under 28 U.S.C. § 1331 is in doubt. Nevertheless, the parties had little reason to address these questions prior to the handing down of *Chapman, supra* ; and we are unwilling to attempt to resolve them on a record assembled without reference to them. We therefore intimate no opinion on them, but direct the district court to address them and to enter an appropriate order. This being an interlocutory appeal, no remand is necessary for this action by that court. *Janousek v. Doyle,* 313 F.2d 916 (8th Cir. 1963). We retain this appeal on our docket pending the action directed. It is so

ORDERED.