5 F.3d 531
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Johnny DOBY, Appellant,
v.
Dr. HICKERSON, Mental Health Services, ADC; Margaret L.
Capel, Counselor, Mental Health Services, ADC, sued as Mrs.
Capel; Dr. Oglesby, Mental Health Services, ADC, sued as
Dr. Ogelesby; Tommy Vestal, Mental Health Services, ADC,
sued as Vessel, Appellees.
Johnny Doby, Appellant,
v.
Dr. Hickerson, Mental Health Services, ADC; Margaret L.
Capel, Counselor, Mental Health Services, ADC, sued as Mrs.
Capel; Dr. Oglesby, Mental Health Services, ADC, sued as
Dr. Ogelesby; Tommy Vestal, Mental Health Services, ADC,
sued as Vessel, Appellees.
Johnny Doby, Appellant,
v.
Dr. Hickerson, Mental Health Services, ADC; Margaret L.
Capel, Counselor, Mental Health Services, ADC, sued as Mrs.
Capel; Dr. Oglesby, Mental Health Services, ADC, sued as
Dr. Ogelesby; Tommy Vestal, Mental Health Services, ADC,
sued as Vessel, Appellees.
 Nos. 93-1824, 92-3488, 93-3102.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 14, 1993.
Filed: September 29, 1993.
 
 Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Johnny Doby filed three notices of appeal from three separate orders entered in the United States District Court[1] for the Eastern District of Arkansas in Doby's 42 U.S.C. Sec. 1983 action. For the reasons discussed below, we affirm the order denying Doby's motion for a temporary restraining order (TRO) and preliminary injunction (No. 92-3488) and dismiss for lack of appellate jurisdiction the other two appeals (Nos. 93-1824 and 93-3102).
 
 
 2
 In October 1991, Doby filed a 42 U.S.C. Sec. 1983 complaint, alleging that he was transferred to the Special Programs Unit and was forced to take psychotropic medication without a due process hearing and without his consent. Doby alleged that the medication was discontinued after approximately two months when he became ill from the side effects. Two months later, Doby complained of something crawling on his body and pain in his groin. Doby was returned to the Special Programs Unit, but he refused anti-psychotic medication. Doby further alleged that at a hearing, a committee concurred with a second medical opinion that Doby should be administered the medication. After Doby refused to consent, another medical review panel convened and concluded Doby should take the medication without his consent. Doby sought damages against members of the first committee and the doctor who issued the second opinion.
 
 
 3
 Doby also moved for a TRO and a preliminary injunction to stop the forced medication. Doby claimed he did not have a history of mental illness; he was not given a full panel hearing before medication was administered and the special panel did not comply with the standards set forth in Washington v. Harper, 494 U.S. 210, 228-35 (1990); there was no factual basis for his diagnosis; he did not pose a threat to himself or to institutional security; the medication was not in his best interest because he was an ex-cancer patient; and the medication would compound the harm he was suffering from the "unseen electro-magnet forces propelled through [his] body" in prison.
 
 
 4
 After defendants filed their answer, the magistrate judge[2] scheduled the matter for a hearing in July 1992. Without taking testimony, the magistrate judge continued the hearing for additional discovery and directed defendants to answer Doby's interrogatories.
 
 
 5
 Between July 1992 and October 1992, Doby filed approximately twenty other motions relating to his discovery requests and to amendments to his complaint. Doby and defendants also moved for summary judgment. On September 16, 1992, Doby informed the court that he had been transferred to the Wrightsville Unit.
 
 
 6
 On September 30, 1992, another magistrate judge[3] recommended denying Doby's TRO motion. The magistrate judge concluded that Doby had failed to establish the elements under Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc) (Dataphase ), and noted that awarding preliminary injunctive relief at that point would require a premature determination of the merits. The magistrate judge also noted that defendants had moved for summary judgment and that the requests for injunctive relief would be considered along with the merits. On October 15, 1992, the district court adopted the magistrate judge's recommendation over Doby's objections and denied the motion for TRO and preliminary injunctive relief. Doby filed a timely notice of appeal. (No. 92-3488.)
 
 
 7
 On March 2, 1993, the magistrate judge, noting that Doby had not requested appointed counsel, concluded it was obvious that counsel would be necessary for Doby to proceed and then denied Doby's various pending motions without prejudice to resubmission by appointed counsel.[4] On the same day, the magistrate judge also recommended that the district court deny without prejudice to resubmission by appointed counsel Doby's motion for default judgment and his motion for summary judgment.
 
 
 8
 Doby filed a notice of appeal from the magistrate judge's March 2, 1993 order (No. 93-1824). On appeal Doby argues the magistrate judge abused his discretion in denying the motions because defendants, who had not yet responded to the motions, would not now respond to them or comply with his discovery requests. Defendants argue the magistrate judge's order is not a final order and, thus, the court is without jurisdiction to decide this appeal.
 
 
 9
 On July 28, 1993, the district court, adopting the magistrate judge's other March 2, 1993 report over Doby's objections, denied without prejudice to resubmission by appointed counsel Doby's motion for default judgment, motion for summary judgment, and "all other pending motions." Doby filed another notice of appeal from this order (No. 93-3102).
 
 
 10
 Doby has filed an application for a writ of prohibition, arguing that defendants' brief be stricken because it is based on motions to which they did not respond. He also moves to supplement his appeal brief, noting that he filed three motions to amend his complaint in the district court.
 
 
 11
 It is well settled that the decision to deny preliminary injunctive relief involves consideration of "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase, 640 F.2d at 113. We will not reverse the district court's denial of injunctive relief unless the decision below is the product of an abuse of discretion or misplaced reliance on an erroneous legal premise. Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir. 1989) (en banc).
 
 
 12
 We agree with the district court that Doby has not satisfied his burden of establishing irreparable harm or a probability of success on the merits and, thus, the denial of preliminary injunctive relief did not constitute an abuse of discretion.[5]
 
 
 13
 As to Nos. 93-1824 and 93-3102, the orders denying without prejudice his various motions are not final orders and they do not fall within the collateral order exception. Thus, we dismiss these appeals for lack of appellate jurisdiction. In addition, we deny Doby's application for a writ of prohibition. Doby's motion to supplement his appeal brief is granted.
 
 
 14
 Accordingly, we affirm the district court's denial of pre-liminary injunctive relief (No. 92-3488) and dismiss Nos. 93-1824 and 93-3102.
 
 
 
 [1]
 The Honorable Elsijane Trimble Roy, Senior United States District Judge for the Eastern District of Arkansas
 
 
 [2]
 The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [3]
 The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas
 
 
 [4]
 The magistrate judge also noted erroneously that the district court did not have jurisdiction to consider the merits until this court resolved Doby's appeal of the denial of preliminary injunctive relief. See West Publishing Co. v. Mead Data Central, Inc., 799 F.2d 1219, 1229 (8th Cir. 1986) (pendency of inter-locutory appeal from order denying preliminary injunction does not wholly divest district court of jurisdiction over entire case), cert. denied, 479 U.S. 1070 (1987); Janousek v. Doyle, 313 F.2d 916, 920-21 (8th Cir. 1963) (per curiam)
 
 
 [5]
 We note that the district court has not yet appointed counsel for Doby. Because almost two years has passed since Doby filed his complaint and TRO motion, we urge the district court to proceed without delay