**ARKANSAS BEST CORPORATION, a Delaware corporation, and ABF Freight System, Inc., a Delaware corporation, Plaintiffs,**

v.

**CAROLINA FREIGHT CORPORATION, a North Carolina corporation, and Landon C. Ford, III, Defendants.**

**No. 3:99CV63.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

June 24, 1999.

W. Thad Adams, III, Charlotte, NC, for Arkansas Best Corporation, ABF Freight System, Inc., plaintiffs.

Clifton Ted Hunt, Charlotte, NC, for Carolina Freight Corporation, Landon C. Ford, III, defendant.

## ORDER DENYING MOTION TO STAY PRELIMINARY INJUNCTION

RICHARD L. VOORHEES, District Judge.

**THIS MATTER** is before the Court on Defendants' Motion and Memorandum to

Stay the Order of Preliminary Injunction entered by this Court on April 26, 1999, pending appeal to the United States Court of Appeals for the Fourth Circuit. As grounds for relief, Defendants argue that: (1) Plaintiffs have not demonstrated "immediate irreparable harm"; (2) that the security bond of $ 100.00 is insufficient; and (3) that the order of injunction does not describe in reasonable detail the act or acts sought to be restrained. [Defendants' Mem. at 1]. Plaintiffs filed a Response and Defendants filed a Reply. In their Reply, Defendants seek a stay and/or withdrawal of the injunctive order.

■ Ordinarily, the filing of an appeal operates to transfer jurisdiction of the case to the court of appeals and, thereafter, the district court is without jurisdiction to proceed further in the case. The foregoing rule does not apply in an appeal from an interlocutory order granting an injunction, however, and the filing of such an appeal does not divest the district court of jurisdiction to proceed with respect to matters not involved in the appeal. *Janousek v. Doyle*, 313 F.2d 916, 920 (1963); *United States v. Board of School Commissioners of the City of Indianapolis, Indiana*, 503 F.2d 68, 81 (7th Cir.1924), *cert. denied* 421 U.S. 929, 95 S.Ct. 1654, 1655, 44 L.Ed.2d 86 (1975). Rule 62(c) of the Federal Rules of Civil Procedure recognizes that a trial court may, in its discretion, suspend or modify an injunction during the pendency of an appeal therefrom. Applying these principles to the facts at hand, this Court concludes that it has jurisdiction to consider Defendants' Motion for Stay and/or Motion for Withdrawal.

■ The legal principles by which an application for stay of a district court order pending appeal is to be judged may be simply stated. The leading authority is *Virginia Petroleum Jobbers Assoc. v. Federal Power Commission*, 259 F.2d 921 (D.C.Cir.1958), which is cited with approval by the United States Supreme Court in *Permian Basin Area Rate Cases*, 390 U.S. 747, 773, 88 S.Ct. 1344, 20 L.Ed.2d 312 (1968). The principles set forth in *Virgi-*

*nia Petroleum Jobbers Association* have been expressly adopted in the Fifth and Second Circuits. *See Belcher v. Birmingham Trust National Bank*, 395 F.2d 685 (5th Cir.1968); *Eastern Air Lines, Inc. v. Civil Aeronautics Board*, 261 F.2d 830 (2d Cir.1958). Briefly stated, a party seeking a stay must show: (1) that he will likely prevail on the merits of the appeal; (2) that he will suffer irreparable injury if the stay is denied: (3) that other parties will not be substantially harmed by the stay: and (4) that the public interest will be served by granting the stay. *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir.1970).

■ The aforementioned factors are guides to the Court's exercise of its discretion. "By definition, discretion is synergistic, and the criteria in question do not constitute a mechanical formula. Each factor must be considered in relation to the others, and the interaction of the all four must be weighed." *Armstrong v. O'Connell*, 416 F.Supp. 1325, 1330 (E.D.Wis. 1976). Failure to meet one factor may be excused in light of a particularly strong showing with respect to another factor. Similarly, particularly weak showings with respect to all four factors would not necessarily entitle Plaintiffs to the relief they seek. With these considerations in mind, the Court turns to the merits of the Motion to Stay and/or Withdraw.

## I. IRREPARABLE HARM

■ This Court is not convinced that Defendants have demonstrated that they are likely to prevail on appeal. To support their argument that Plaintiffs have failed to demonstrate a "present" or "immediate" threat of harm, Defendants rely heavily on *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802 (4th Cir.1991), a trade secret misappropriation case wherein the Fourth Circuit reversed a district court grant of a preliminary injunction. In *Direx Israel*, the defendants manufactured a medical machine which was not approved for marketing in the United States and which could not be shipped to the United

States due to proceedings brought by the United States Customs Service. Hence, in *Direx Israel*, no competition existed between the parties in the same geographical market. As Plaintiffs argue in their Response, the facts of the instant case are "far afield" from those in *Direx Israel.* Herein, the parties directly and currently compete against one another by providing freight services in the *same* geographical market. Defendant Landon C. Ford concedes in his affidavit that Carolina Freight Corporation: (1) operates trailers and tractors bearing Plaintiffs' service mark, "CAROLINA FREIGHT CORPORATION"; (2) displays Plaintiffs' service mark in its advertising and promotional materials; (3) supplies its employees with pants, shirts, and jackets bearing the name "CAROLINA FREIGHT CORPORATION"; (4) utilizes office supplies bearing the name "CAROLINA FREIGHT CORPORATION"; and (5) publicizes the name "CAROLINA FREIGHT CORPORATION" on its World Wide Web site. [Landon affidavit at 1–2].

■ Generally, irreparable injury is suffered when monetary damages are difficult to ascertain or are inadequate. *Danielson v. Local 275*, 479 F.2d 1033, 1037 (2d Cir.1973). Thus, when the record indicates that a plaintiff's loss is a matter of simple calculation, injunctive relief is not available. However, when the failure to grant preliminary relief creates the possibility of permanent loss of customers to a competitor or the loss of goodwill, the irreparable injury prong is satisfied. *See Merrill Lynch Pierce, Fenner and Smith v. Bradley*, 765 F.2d 1048, 1055 (4th Cir. 1985). Defendants' unauthorized use of Plaintiffs' federally registered service mark presents an undeniable threat to Plaintiffs' reputation and goodwill and, therefore, creates imminent irreparable harm.

Moreover, Plaintiffs' showing of likelihood of confusion establishes actual and imminent irreparable harm. In the context of trademark infringement disputes, the Fourth Circuit has held that intentional copying of a trademark creates a presumption of a likelihood of confusion. *See Osem Food Industries, Ltd. v. Sherwood Foods, Inc.*, 917 F.2d 161, 165 (4th Cir. 1990). Other courts have also held that where a party has established likelihood of confusion, "likelihood of success on the merits as well as risk of irreparable harm follow *as a matter of course." See Standard & Poor's Corp. v. Commodity Exchange, Inc.*, 683 F.2d 704, 708 (2d Cir. 1982); *Processed Plastic Co. v. Warner Communications, Inc.*, 675 F.2d 852 (7th Cir.1982); *American Angus Assoc. v. Sysco Corp.*, 829 F.Supp. 807, 819 (W.D.N.C. 1992) (emphasis added). Given that the parties herein engage in interstate trucking in the same geographic market and employ virtually identical service marks, this Court finds that the consuming public is likely to be confused as to the source of goods or services rendered. Therefore, this Court reaffirms its earlier finding that Plaintiffs have established irreparable harm in accordance with the principles established by the Fourth Circuit in *Blackwelder Furniture Co. v. Seilig Mfg. Co.*, 550 F.2d 189 (4th Cir.1977) and *Direx Israel, supra.*

The final three criteria that must be considered under *Long v. Robinson, supra,* in determining whether an injunction should be stayed involve the parties' relative burdens were the injunction to be continued, considered in light of the public interest. It is evident that both sides will suffer injury if the other side prevails. The injuries are of entirely different natures and are difficult to compare in any meaningful fashion. The Court is convinced, however, that the public interest is best served if the injunction is upheld. The Court is further convinced that the law prohibits the type of intentional copying at issue in this lawsuit.

## II. SECURITY BOND

■ Defendants' argument that a security bond of $ 100.00 is inadequate does not constitute grounds for stay of an

injunction. However, this Court's order requiring Plaintiffs to post a nominal bond can be defended as the reasonable exercise of discretion to set a "sum as the court deems proper." Fed.R.Civ.P. 65(c). In construing this phrase, the Fourth Circuit has held that the district court is vested with wide discretion in determining the amount of an injunction bond and should be guided by the purpose underlying Rule 65(c), which is to provide a mechanism for reimbursing an enjoined party for harm it suffers as a result of an improvidently issued injunction or restraining order. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.,* 174 F.3d 411, 423 n. 3 (4th Cir.1999). "Where the district court determines that the risk of harm is remote, or that the circumstances otherwise warrant it, the court may fix the amount of the bond accordingly. In some circumstances, a nominal bond may suffice. *See,* e.g., *International Controls Corp. v. Vesco,* 490 F.2d 1334 (2d Cir.1974) (approving district court's fixing bond amount at zero in the absence of evidence regarding likelihood of irreparable harm)." *Id., citing* 11A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 2954, at 292 (2d ed.1995). Circumstances in the instant case warrant the posting of only a nominal bond in that Plaintiffs have shown a strong likelihood of success on the merits. Further, given that prima facie proof of trademark infringement raises a presumption of injury and harm, the Court's issuance of the injunction is likely to be upheld. Therefore, the Court finds in its discretion that Plaintiffs' posting of a security bond in the amount of $ 100.00 is sufficient.

### III. ACTS SOUGHT TO BE RESTRAINED

 Defendants further argue that paragraph nine (9) of the Order of Preliminary Injunction is "overly broad" and "does not describe in reasonable detail the act or acts sought to be restrained." [Defendant's Mem. at 6]. Paragraph nine states that Defendants and their assigns are enjoined from "[e]ngaging in any un-

fair competition with Plaintiffs." Rule 65(d) of the Federal Rules of Civil Procedure requires only that an order granting injunctive relief describe in "reasonable detail" the act or acts sought to be restrained without reference to the complaint or other document. The specificity requirements of Rule 65(d) serve two essential functions: (1) they prevent uncertainty and confusion on the part of those faced with injunctive orders, thereby avoiding the imposition of sanctions for violations of decrees too vague to be understood; and (2) they facilitate informed and intelligent appellate review. *Schmidt v. Lessard,* 414 U.S. 473, 476–77 94 S.Ct. 713, 38 L.Ed.2d 661 (1974). Nevertheless, where an order gives fair warning of the acts that it forbids, an injunction may not be avoided on merely technical grounds. Moreover, the language of an injunction must be read in the light of the circumstances surrounding its entry. *United States v. Christie,* 465 F.2d 1002, 1007 (3d Cir.1972). In the instant case, the Court is unable to accept Defendants' proposition that they are unaware of the act or acts restrained by the injunction. The order granting the injunction, when read in its entirety and in light of Defendants' conspicuous use of the service mark, "CAROLINA" and/or "CAROLINA FREIGHT," satisfies the specificity requirements of Rule 65(d).

### IV. ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Stay and/or Withdrawal pending appeal is hereby **DENIED.**